# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

|  |  |
|---|---|
| ELIJAH WELLS, by and through his mother SUZANNE GLOVER; | CASE NO.: 8:21-cv-322 |
| **Plaintiff,** | |
| V. | |
| CREIGHTON PREPARATORY SCHOOL, in its official capacity. | **JURY TRIAL DEMANDED** |
| STERLING BROWN; JAMES BOPP in their individual capacities. | |
| **Defendant.** | |
| -------------------------------------------------------x | |

## COMPLAINT FOR VIOLATION OF DUE PROCESS

NOW COMES Plaintiff, **ELIJAH WELLS,** by and through his mother SUZANNE GLOVER and his attorneys, The Law Office of Keith Altman, and for his Complaint against Defendant, hereby states the following:

### BACKGROUND

1. This is an action seeking damages for Defendant's violations of 42 U.S.C.S. § 1983. This actions also seeks declaratory and

injunctive relief for Defendant's violations of Plaintiff's civil rights under the Fourteenth Amendment of the US constitution and Article I-3 of the Nebraska Constitution.

2. Plaintiff Elijah Wells was a student the Creighton Preparatory School as was expelled after a teacher falsely accused him of making lewd statements towards another teacher. Plaintiff was not given any opportunity to present his side of the story and he denied his right to an appeal.

## PARTIES

3. Plaintiff Elijah Wells ("Plaintiff") is a former student at Creighton Preparatory school.

4. The Complaint is filed by and through his mother, Suzanne Glover ("SUZANNE") with the consent of Plaintiff.

5. Defendant Creighton Preparatory School is a private, Jesuit college prep school for young men in Omaha, Nebraska.

6. At all times relevant to this action, Defendant James Bopp was employed by Creighton as the Head of School.

7. At all times relevant to this action, Defendant Stirling Brown was employed by Creighton as the Dean of Students.

## JURISDICTION & VENUE

8. Plaintiffs' claims arise under the Constitution and laws of the United States. This Court has jurisdiction over these claims under 28 U.S.C. §§ 1331, 1343(a)(3).

9. This Court has the authority to grant declaratory and injunctive relief under 28 U.S.C. § 2201-2202 and Fed. R. Civ. P. 57 and 65. The federal rights asserted by Plaintiffs are enforceable under 42 U.S.C. § 1983.

10. Venue is proper in the District of Nebraska under 28 U.S.C. § 1391(e). Defendant as well as all Plaintiff reside in this judicial district. All of the events and omissions by Defendant giving rise to this action occurred in this judicial district.

## FACTUAL ALLEGATIONS

11. Plaintiff attended PREP starting in 9th grade. He was a starting varsity football player and had several recruiting offers. Every one of his teachers has said good things about him,

describing Plaintiff as an excellent student and always respectful.

12. At the beginning of April 2021, Plaintiff was having a conversation with his friend on school grounds, in which his friend stated he would have sex with one of Creighton's teachers. Plaintiff replied that she is the best counselor in the world, but that he would not have sex with her. Faculty staff overheard the conversation but claimed that Plaintiff had said he would have sex with his teacher, despite Plaintiff's friend confirming that Plaintiff had said the opposite.

13. During the investigation of the incident, Defendant Creighton did not pay any regard to a fair process. Plaintiff was questioned about the allegations by Defendant Brown. In this questioning, Defendant Brown asked Plaintiff to confess to having stated that he would have sex with the teacher over and over again, pressuring him immensely. Defendant Brown bluntly stated from the beginning that he deemed Plaintiff guilty. Plaintiff finally confessed just to get out of this distressing situation.

14. This all happened without even informing the parents of Plaintiff. Instead, he had to handle and escape the situation without the help of an adult.

15. Additionally, the "evidence" that the school used to convict Plaintiff partly consisted of a video camera tape which does not have any audio. Defendant has yet to explain how this can prove a spoken word.

16. Furthermore, to determine the extent of Plaintiff's punishment, Defendant claimed his absences from class to be a problem. Plaintiff's mother, Suzanne was never informed about the absences being a problem, and when she told Defendant Creighton this, Defendant Creighton claimed it was because they could not contact her. Yet Defendant Creighton had her contact information, and the contact information of Suzanne on record at all times.

17. Further, Defendant Creighton accused Plaintiff of having his girlfriend call and excuse him for classes, when in reality it was Plaintiff's dad's girlfriend calling in to excuse Plaintiff rightfully. Again, this was an accusation where Defendant was not able to

show any proof of Plaintiff's alleged misbehavior, but let it influence the decision about Plaintiff's punishment.

18. In a further escalation, Defendant Brown told all staff at PREP about what Plaintiff allegedly had said, without giving Plaintiff the chance to present his version of events.

19. All these instances clearly show that Defendant was at no point interested in giving Plaintiff a fair process and equal treatment.

20. Plaintiff was not granted an appeal process at all despite being entitled to one. Defendant Creighton claimed this was due to the COVID-19 pandemic. Considering that at the time in April 2021, Creighton was back to in person classes, this is another excuse to not give Plaintiff a fair process. Even if in person meetings would not be possible, Defendant could have held a meeting via Zoom after having experience with Zoom classes and Zoom meetings since the beginning of the pandemic.

21. Due to the denial of an appeal process, Plaintiff was never able to present his witnesses, evidence, or even just his version of the events.

22. Defendant Bopp went so far as to say that "the appeal process concludes with my confirmation of his dismissal" in later correspondence with Suzanne. At no time did Defendant Bopp hear any evidence or rebuttals from Plaintiff.

23. As a result of Defendants' actions Plaintiff was expelled from Creighton.

24. Plaintiff's expulsion could ruin Plaintiff's future academic and work life and has caused Plaintiff significant emotional harm.

**Respondaet Superior and Agency**

25. Plaintiffs incorporate by reference every preceding allegation as if specifically set forth herein.

26. Under federal and Nebraska law, an employer may be vicariously liable for an employee's actions when they are acting within the scope of their employment on behalf of their employer.

27. At all times relevant to this action, Defendant Bopp and Defendant Brown were employed by Creighton. Their acts and omissions relevant to this action were undertaken within the scope of their employment with Creighton.

# FIRST CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983-DUE PROCESS
## FOURTEENTH AMENDMENTS OF US CONSTITUTION
## ARTICLE I-3 OF NEBRASKA CONSTITUTION
### (Against All Defendants)

28. All of the allegations in each of the foregoing paragraphs are incorporated by reference into each of the following claims for relief as if fully set forth in each such claim.

29. Both the Fourteenth Amendment and Article I-3 of the Nebraska Constitution prohibit state actors from depriving a student of liberty and property without due process of law.

30. These principles extent to private schools, when their disciplinary process is without any basis in reason or predictability. This is the case when the actions of the school were arbitrary and capricious. Arbitrary is defined as being determined on an impulse and not by reason. An act is capricious when it is characterized by an impulse.[1]

31. Plaintiff has fundamental property and liberty interests in continuing his education at Creighton. As such, Plaintiff was entitled to a fair and impartial hearing regarding his actions in

---

[1] FIRE's Guide to Due Process and Campus Justice, 2014, page 51.

accordance with Creighton policies concerning misconduct. Accordingly, Plaintiff was entitled to a fair disciplinary process with a systematic method for evaluating Plaintiff's actions and clear standards of culpability with respect to the allegations levied against Plaintiff.

32. Defendant has violated Plaintiff's due process rights by expelling Plaintiff without providing a fair procedure or appeal process.

    a. During the investigation, Plaintiff was repeatedly pressured into confessing that he said he would have sex with his teacher, when in fact, he did not say this. Plaintiff confessed merely to escape a stressful situation.

    b. Before any investigation even began, Defendant Brown stated that he deemed Plaintiff guilty.

    c. Defendants used video tape with no audio as evidence of what Plaintiff said.

    d. Plaintiff's parents were not informed of the charges against Plaintiff during the entirety of the investigation.

  e. Plaintiff was denied the ability to appeal his expulsion despite being entitled to an appeals process.

  f. Defendant Bopp stating "the appeal process concludes with my confirmation of his dismissal" despite never allowing Plaintiff to present any evidence or rebuttal in his own Defense.

  g. Defendants attempted to use Plaintiff's attendance as a post-hoc justification for his expulsion despite the issue never being raised until after Plaintiff was expelled.

33. Plaintiff was not given the opportunity to present any meaningful defense on his own behalf. Plaintiff was given no opportunity to evidence on his own behalf or to rebut the claims made by PREP staff against him.

34. Plaintiff's punishment of expulsion was also grossly disproportionate to the nature of the accusation against him. Rather than even consider a less form of reprimand, Defendant Bopp, Defendant Brown, and Defendant Creighton decided to inflict the most severe punishment available to them. There was

no justification provided as to why expulsion was preferrable to another lesser form of punishment.

35. As a direct and proximate result of Defendant's actions, Plaintiff has suffered an enormous setback in his educational experience as well as significant emotional harm.

## SECOND CAUSE OF ACTION
## BREACH OF CONTRACT
## (Against Defendant Creighton)

36. All of the allegations in each of the foregoing paragraphs are incorporated by reference into each of the following claims for relief as if fully set forth in each such claim.

37. Plaintiffs and Defendant Creighton entered into a contract by which Defendant Creighton offered admission to Plaintiffs on specified terms.

38. Plaintiffs accepted Defendant's offer and Plaintiff attended Creighton as a student.

39. There was a mutual exchange of consideration for which Plaintiff attended Creighton involving payments and expenditure of time and Creighton made its services available to Plaintiff including educational opportunities.

40. As part of the contract was the existence of policies set forth by Creighton in the Student-Parent Handbook. As a condition of attending Creighton, Plaintiff and Creighton were both expected to be bound by those policies. Included within those policies were policies concerning a fair and impartial disciplinary process. These policies were part of the bargain between Plaintiff and Creighton. Without agreeing to abide by those policies, Plaintiff would not have been permitted to attend Creighton.

41. As part of the contract was the existence of policies regarding a fair and impartial disciplinary process.

42. Pg. 44 of the Student-Parent handbook states that a student has a right to appeal a Disciplinary Dismissal. Despite this, Plaintiff was not granted a right to an appeal. This represents a breach of contract on the part of Defendant Creighton.

43. As a direct and proximate result of Defendant's actions, Plaintiff has suffered an enormous setback in his educational experience as well as significant emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court grant them relief as follows:

(1) Enter a judgment declaring that Defendants' expulsion process violates the right to due process guaranteed by the Fourteenth Amendment to the United States Constitution and article I-3 of the Nebraska Constitution;

(2) Issue a permanent injunction prohibiting Defendants from enforcing Plaintiff's Expulsion;

(3) Attorneys' fees;

(4) Costs of the suit; and

(5) Such other relief as the Court may deem proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury on all issues stated in this action.

Date: 8/24/2021

Respectfully Submitted,

*/s/Keith Altman*
Keith Altman (*pro hac vice to be applied for*)
The Law Office of Keith Altman
33228 West 12 Mile Road - Suite 375
Farmington Hills, MI 48331
516-456-5885
keithaltman@kaltmanlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2021, I served the foregoing document on all Defendants of record *via* electronic filing:

/s/ *Keith Altman*
Keith Altman
A*ttorney for Plaintiff*