IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ELIJAH WELLS, by and through his mother SUZANNE GLOVER,<br><br>Plaintiff,<br><br>v.<br><br>CREIGHTON PREPARATORY SCHOOL, in its official capacity,<br><br>STERLING BROWN; JAMES BOPP in their individual capacities.<br><br>Defendants. | Case No. 8:21-cv-322<br><br>**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS**<br><br>**Fed. R. Civ. P. 12(b)(6)**<br>**and**<br>**Fed. R. Civ. P. 12(b)(1)** |

Defendants, Creighton Preparatory School, Sterling Brown, and James Bopp, have moved to dismiss Plaintiff's Complaint. Defendants hereby submit this Brief in Support of Defendants' Motion to Dismiss.

**INTRODUCTION**

Elijah Wells, by and through his mother, Suzanne Glover, (the "Plaintiff") filed his Complaint with this Court on August 24, 2021 (Doc #1) ("Plaintiff's Complaint"). Plaintiff's Complaint alleges that Creighton Preparatory School, Sterling Brown, and James Bopp (together, the "Defendants") violated the United States Constitution and the Nebraska Constitution when the Defendants expelled Elijah Wells from Creighton Preparatory School. Plaintiff's Complaint asserts that such alleged violations of the United States Constitution and the Nebraska Constitution give rise to a claim against the Defendants under 42 U.S.C. § 1983. Plaintiff's Complaint further alleges that the Creighton Preparatory School Student-Parent Handbook forms the basis of an enforceable contract. Plaintiff's Complaint alleges that Defendant Creighton Preparatory School breached that contract when it expelled Elijah Wells from its school.

Defendants have moved to dismiss the 42 U.S.C. § 1983 claims under Fed. R. Civ. P. 12(b)(6). This Court should dismiss Plaintiff's 42 U.S.C. § 1983 claim against all three of the Defendants because none of the Defendants are state actors, and Plaintiff has not otherwise pled the required element of state action.

Defendant Creighton Preparatory School has also moved to dismiss the breach of contract claim against it under Fed. R. Civ. P. 12(b)(6). This Court should dismiss the breach of contract claim against Defendant Creighton Preparatory School because the Creighton Preparatory School Student-Parent Handbook cannot form the basis of an enforceable contract – express or implied.

Finally, Defendants have also moved to dismiss this case in its entirety under Fed. R. Civ. P. 12(b)(1). This Court should dismiss this case under Fed. R. Civ. P. 12(b)(1) because the First Amendment to the United States Constitution prohibits judicial review of a religious organization's internal disciplinary and personnel decisions. Full adjudication of Plaintiff's claims would risk excessive entanglement between government and religion which the First Amendment does not allow.

## STANDARDS

*12(b)(6) Standards*

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Rule 8 pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Pleadings that merely offer "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Iqbal, 556 U.S. at 678. When ruling on a Rule 12(b)(6) motion to dismiss, courts "are not bound to

accept as true a legal conclusion couched as a factual allegation" and "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp., 550 U.S. at 555.

In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must allege facts, which if accepted as true, "state a claim to relief that is plausible on its face." Ashcroft, 556 U.S. at 678. A complaint satisfies the plausibility requirement when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged;" however, the mere "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

A complaint should be dismissed if it appears beyond a doubt that the plaintiff is unable to prove facts in support of his claims which entitle him to relief. Hafley v. Lohman, 90 F.3d 264, 266 (8th Cir. 1996). "[D]ismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001).

*12(b)(1) Standards*

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). When defendants facially challenge subject matter jurisdiction under Rule 12(b)(1), plaintiffs have the burden of establishing subject matter jurisdiction. See, e.g., Marcus v. Kansas Dep't of Revenue, 170 F. 3d 1305, 1309 (10th Cir. 1999); and Richmond, Fredericksburg & Potomic R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991), cert. denied, 503 U.S. 984 (1992).

**ARGUMENT**

**I. THIS COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT BECAUSE PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1983.**

Plaintiff's constitutional claims fail because Plaintiff's Complaint does not allege state action on the part of any Defendant. Instead, Plaintiff's Complaint is clear that the relevant actors are (i) a private, religious school; and (ii) two employees of that private, religious school. Further, Plaintiff's claim based on alleged violations of the Nebraska Constitution fails because alleged violations of state law cannot form the basis of a claim under 42 U.S.C. § 1983.

*A. Plaintiff's Complaint fails to state a claim under 42 U.S.C. § 1983 because Plaintiff's Complaint does not plead the required element of state action. As pled, each Defendant is a private, non-government entity or person.*

To obtain relief under 42 U.S.C. § 1983, a plaintiff must show (1) the deprivation of a right secured by the federal Constitution or laws of the United States, and (2) that a person acting under color of state law caused the deprivation. West v. Atkins, 487 U.S. 42, 48 (1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). "The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights 'fairly attributable to the State?'" Rendell–Baker v. Kohn, 457 U.S. 830, 838 (1982) (citing Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)). An allegation that a private entity, rather than a state actor, has deprived the plaintiff of a constitutional right fails to state a cause of action under 42 U.S.C. § 1983. See, e.g., Pino v. Higgs, 75 F.3d 1461, 1464–67 (10th Cir. 1996) (stating, "To bring a claim under § 1983, a plaintiff must initially establish that a defendant acted 'under color of any statute, ordinance, regulation, custom, or usage, of any State' to deprive the plaintiff of 'any rights, privileges, or

4

immunities secured by the Constitution and laws' of the United States.") (citations omitted). If the actions of the Defendants were not state action, the inquiry ends. Rendell–Baker, 457 U.S. at 838.

Plaintiff's Complaint does not allege state action. Instead, Plaintiff's Complaint alleges private conduct by a religious school. Plaintiff's Complaint specifically alleges that "Defendant Creighton Preparatory School is a private, Jesuit college prep school." (Plaintiff's Complaint, ¶ 5). Plaintiff's Complaint alleges that defendants James Bopp and Sterling Brown were employed by Creighton Preparatory School as Head of School and Dean of Students, respectively. (Plaintiff's Complaint, ¶¶ 6 – 7). All of the conduct described in Plaintiff's Complaint is conduct by Defendant Creighton Preparatory School as a private, religious school, and conduct by the individual defendants – Mr. Brown and Mr. Bopp – as employees of that private, religious school. There are no state actors present on the face of Plaintiff's Complaint. Plaintiff has not otherwise alleged state action.

### B. *The exception described in West v. Atkins does not apply in this case.*

There are limited, unique circumstances in which a private party can be considered a state actor for the purpose of 42 U.S.C. § 1983. In West v. Atkins, 487 U.S. 42 (1988), the United States Supreme Court held that a physician who was under contract the with state of North Carolina to provide medical services to inmates at a prison hospital on a part-time basis acted under color of state law, within the meaning of § 1983. Id. at 57.

However, the exception from the West decision does not apply here. Various courts throughout the United States have clarified that a private school's act of providing education does not constitute state action. See Rendell-Baker v. Kohn, 457 U.S. 830, 842 (1982) ("That a private entity performs a function which serves the public does not make its acts state action."); Blackburn v. Fisk Univ., 443 F.2d 121, 124 (6th Cir. 1971) ("The State of Tennessee does not control the

5

president of Fisk University and certainly does not dictate the disciplinary policies of the school."); Berrios v. Inter Am. Univ., 535 F.2d 1330, 1333 (1st Cir. 1976) ("On this record we are satisfied that the district court did not err in finding insufficient evidence of state involvement."); Cummings v. Office of Catholic Educ., 2005 WL 1124103 (E.D. Pa. 2005) (court held that mere operation of a school, even where the school receives state funding and is subject to state regulation, does not make a private school a "state actor"); and Robert S. v. Stetson Sch., Inc., 256 F.3d 159, 166 (3d Cir. 2001) ("[T]he record here does not show that the Stetson School performed a function that has been traditionally the exclusive province of the state.").

### C. *Plaintiff's Complaint fails to state a claim under 42 U.S.C. § 1983 because any alleged violation of the Nebraska Constitution also requires state action.*

In addition to alleged violations of Plaintiff's Fourteenth Amendment due process rights under the United States Constitution, Plaintiff's Complaint also alleges that Defendants have interfered with Plaintiff's rights under the Nebraska Constitution. Specifically, Plaintiff's Complaint alleges that Defendants violated Article I-3 of the Nebraska Constitution by expelling Elijah Wells from Creighton Preparatory School without due process of law. (Plaintiff's Complaint, ¶¶ 29 – 35). Any claim premised on the Nebraska Constitution also suffers from the same "state action" deficiencies described above. The Nebraska Constitution restricts the conduct of the state of Nebraska, and not private actors like the Defendants in this case. See, e.g., Sherman T. v. Karyn N., 286 Neb. 468, 478, 837 N.W.2d 746, 755 (2013) ("The Due Process Clause applies when **government** action deprives a person of liberty or property[.]" (emphasis added)). This Court should dismiss Plaintiff's Complaint because Plaintiff's Complaint acknowledges that Defendants are private parties, and Plaintiff's Complaint does not allege action by the state of Nebraska or any other state actor.

*D.     Plaintiff's Complaint fails to state a claim under 42 U.S.C. § 1983 because claims under 42. U.S.C. § 1983 are limited to violations of federal law.*

In addition to the reasons set forth above, this Court should also dismiss Plaintiff's 42 U.S.C. § 1983 claim because Plaintiff cannot make out a claim under 42 U.S.C. § 1983 by alleging violations of *state* (rather than federal*)* law. See Radvansky v. City of Olmsted Falls, 395 F.3d 291, 313–14 (6th Cir. 2005) (rejecting litigant's attempt to use alleged violations of Ohio state constitution for § 1983 claim).  Again, to obtain relief under 42 U.S.C. § 1983, a plaintiff must show (1) the deprivation of **a right secured by the federal Constitution or laws of the United States**, and (2) that a person acting under color of state law caused the deprivation. West v. Atkins, 487 U.S. 42, 48 (1988) (emphasis added).  The Nebraska Constitution does not provide for rights secured by the federal Constitution or laws of the United States, so alleged violations of the Nebraska Constitution cannot form the basis of a 42 U.S.C. § 1983 claim.

*E.     Plaintiff's suggestion that constitutional principles extend to private schools is a legal conclusion which is without merit.  This court should either ignore that legal conclusion or reject it.*

Paragraph 30 of Plaintiff's Complaint sets forth the following legal conclusion:

> These principles extent [sic] to private schools, when their disciplinary process is without any basis in reason or predictability.  This is the case when the actions of the school were arbitrary and capricious.  Arbitrary is defined as being determined on the impulse and not by reason.  An act is capricious when it is characterized by an impulse.

(Plaintiff's Complaint, ¶ 30).  For this proposition, Plaintiff's Complaint refers by footnote to "FIRE's Guide to Due Process and Campus Justice, 2014, page 51" which is not a court case or other source of law upon which this Court could grant relief.  Plaintiff's source appears to be a website. This Court should ignore or reject the unsupported legal conclusion from paragraph 30 of

Plaintiff's Complaint. Instead, this Court should apply the reasoning from the cases cited in this Brief, and dismiss Plaintiff's § 1983 claims.

## II. THIS COURT SHOULD EXAMINE THE HANDBOOK AND DISMISS PLAINTIFF'S BREACH OF CONTRACT CLAIM.

Plaintiff has asserted a breach of contract claim against Defendant Creighton Preparatory School based on the 2020-2021 Student-Parent Handbook (the "Handbook"). This Court can and should review and consider the Handbook in ruling on Defendants' Motion to Dismiss Plaintiff's second cause of action against Creighton Preparatory School. The language of the Handbook bars any claim for breach of an express contract, as well as any claim for breach of an implied contract.

### A. *This Court can and should consider the Handbook without converting this Motion into one for summary judgement.*

When deciding a motion to dismiss under Rule 12(b)(6), the Court is normally limited to considering the facts alleged in the Complaint. Generally, if the Court considers matters outside the pleadings, the motion to dismiss must be converted to one for summary judgment. Fed. R. Civ. P. 12(d). However, the Court may consider exhibits attached to the complaint and materials that are necessarily embraced by the pleadings without converting the motion to a motion for summary judgment. Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697, n. 4 (8th Cir. 2003). Documents necessarily embraced by the pleadings include those whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading. Ashanti v. City of Golden Valley, 666 F.3d 1148, 1151 (8th Cir. 2012).

In similar circumstances to this case, other federal courts have examined student handbooks when deciding a motion to dismiss without converting the motion to dismiss into one for summary

judgment. See, e.g., Doe v. Coll. of Wooster, 243 F. Supp. 3d 875, 888 (N.D. Ohio 2017); and Goodman v. President & Trustees of Bowdoin Coll., 135 F. Supp. 2d 40, 47 (D. Me. 2001).

Here, Plaintiff's Complaint asserts that the Handbook was part of an alleged contract between Plaintiff and Defendant Creighton Preparatory School. (Plaintiff's Complaint, ¶ 40). Plaintiff's Complaint further asserts that both parties were expected to be bound by the Handbook's provisions. Id. Finally, Plaintiff's Complaint makes specific references to the text of the Handbook, and includes a page-number citation to the Handbook. (Plaintiff's Complaint, ¶ 41-42). Therefore, the Handbook is embraced by Plaintiff's Complaint. The Handbook is integral and central to Plaintiff's claims. This Court should examine the Handbook without converting Defendants' Motion into one for summary judgment.

*B.     The Handbook cannot form the basis of a claim for breach of an express contract because Creighton Preparatory School reserved the right to amend the Handbook at any time.*

In the context of both employee handbooks and student handbooks, the Nebraska Supreme Court has held that where the employer or school reserves the right to modify the handbook at its discretion, such handbook cannot form the basis of an enforceable written contract. Armstrong v. Clarkson Coll., 297 Neb. 595, 613, 901 N.W.2d 1, 17 (2017). In Armstrong, the Nebraska Supreme Court reasoned that "the requisite mutuality for an enforceable contract is absent when one of the contracting parties is bound to perform, and the rights of the parties exist at the option of one only." Id.

Here, the Handbook is filled with reservations of rights, including an express reservation by Defendant Creighton Preparatory School of the right to add to, to modify, or to abolish Handbook provisions without notice. The Handbook reads, in relevant parts:

> The administration's judgment will be final in the interpretation of these policies and procedures, as well as in addressing any issues that might fall outside the scope of what has been written here.
>
> (Affidavit of James Bopp, Ex. "A", p. 1).

---

> Attendance at Creighton Prep is a privilege and it is also a voluntary association between the student, his parents, and the school. As such, the relationship can be terminated at any time by the student and his family or by the school administration.
>
> (Affidavit of James Bopp, Ex. "A", p. 35).

---

> The Head of School will hear an appeal at his or her discretion.
>
> (Affidavit of James Bopp, Ex. "A", p. 44).

---

> The registration of the student is considered an acceptance on his part and on the part of his parents or guardians, of all rules and regulations of Creighton Preparatory School, including the judgment of school authorities on academic and disciplinary sanctions, suspensions, or expulsion of a student.
>
> (Affidavit of James Bopp, Ex. "A", p. 75).

---

> The information contained in the Handbook provides a general description of rules and regulations. **The school reserves the right to add to, to modify or abolish any of the Handbook provisions without notice.**
>
> (Affidavit of James Bopp, Ex. "A", p. 75, emphasis added).

---

> This Handbook does not create any restriction upon Creighton Preparatory School's right to institute any course of disciplinary action which, in Prep's sole discretion, it believes is necessary and consistent with its Catholic Jesuit educational mission.
>
> (Affidavit of James Bopp, Ex. "A", p. 75).

The excerpts above make it clear that there was no mutuality of obligation. The Plaintiff agreed to abide by Defendant Creighton Preparatory School's rules, but Defendant Creighton Preparatory School reserved the right to change the rules at its discretion in order to best carry out its Catholic Jesuit educational mission. Therefore, the Handbook is not an enforceable contract under Nebraska law. This Court should dismiss Plaintiff's claim for breach of contract because the claim is premised upon a document which is not an enforceable contract under Nebraska law.

***C. To the extent that Plaintiff's Complaint attempts to assert a claim for breach of an implied contract, this Court should dismiss such claim. Any attempted claim for breach of an implied contract fails to state a claim upon which relief can be granted.***

While the Armstrong opinion is clear that the student handbook could not be an enforceable express contract, the Armstrong opinion left open the possibility that there could be some kind of implied contact between the student and the school in that case. Armstrong v. Clarkson Coll., 297 Neb. 595, 613, 901 N.W.2d 1, 17 (2017). The Nebraska Supreme Court explained that "[a] contract may be express, implied, written, or oral. An implied in fact contract arises where the intention of the parties is not expressed in writing but where the circumstances are such as to show a mutual intent to contract." Id. "Where an implied in fact contract exists, its terms may be shown by the surrounding facts and circumstances giving rise to the contract, the conduct of the parties when performing under the contract, or a general reasonableness standard." Id. In Armstrong, the Nebraska Supreme Court held that because the relevant student handbook could not serve as an enforceable written contract, the terms of the agreement, if any, between the student and the school were implied. Id. Here, any claim for breach of an implied contract must fail because (1) Plaintiff's Complaint does not plead the existence of an implied contract; (2) and the language of

11

the Handbook forecloses any possibility of an implied contract or agreement to extend Plaintiff a specific disciplinary or appeal procedure.

### *(1)* *Plaintiff's Complaint fails to allege an implied contract.*

Plaintiff's Complaint does not allege an implied contract. As pled, Plaintiff's breach of contract claim is premised entirely upon the written words of the Handbook, which Plaintiff contends governed the alleged agreement between the parties. (Plaintiff's Complaint, ¶¶ 40-42). Plaintiff's Complaint does not allege any separate promises or conduct which could form the basis of an implied contract to provide the Plaintiff with certain discipline or appeal rights. Instead, Plaintiff's Complaint relies on the Handbook which expressly states, in several places, that all disciplinary decisions (including appeals of those disciplinary decisions), are reserved to Defendant Creighton Preparatory School's sole discretion. Even if Plaintiff's claim for breach of contract is evaluated as an implied contract claim, such claim still fails on its face because the words of the Handbook are directly at odds with Plaintiff's claimed agreement.

### *(2)* *The express language of the Handbook forecloses any possibility of an implied contract to extend Plaintiff a specific disciplinary or appeal procedure.*

The Nebraska Supreme Court has described the law of implied contracts as follows:

> [T]he term 'implied contract' refers to that class of obligations that arises from mutual agreement and intent to promise, **when the agreement and promise have simply not been expressed in words**. An implied contract arises where the intention of the parties **is not expressed** but where the circumstances are such as to show a mutual intent to contract.

City of Scottsbluff v. Waste Connections of Nebraska, Inc., 282 Neb. 848, 856–57, 809 N.W.2d 725, 737 (2011) (emphasis added). Here, Defendant Creighton Preparatory School's disciplinary procedures (including appeals) were expressed in words in the Handbook. The words of the

Handbook foreclose any possibility that the parties had an implied contract to extend Plaintiff a specific disciplinary or appeal procedure.

On this point, Plaintiff's Complaint misstates the words of the Handbook. Plaintiff's Complaint alleges:

> Pg. 44 of [the Handbook] states that a student has a right to appeal a Disciplinary Dismissal. Despite this, Plaintiff was not granted a right to an appeal. This represents a breach of contract on the part of Defendant Creighton.

(Plaintiff's Complaint, ¶ 42). Contrary to Plaintiff's assertion, page 44 of the Handbook does not state that a student has a right to an appeal. Instead, the Handbook explicitly states that "[t]he Head of School will hear an appeal at his or her discretion." (Affidavit of James Bopp, Exhibit "A", p. 44). While Plaintiff may be entitled to certain inferences on this motion to dismiss, the Court does not have to accept as true any allegations which are plainly contradicted by the relevant documents.

Many courts have disregarded obviously incorrect statements in a complaint when evaluating a motion to dismiss. The Eighth Circuit has stated that, on a motion to dismiss, the trial court need not accept a plaintiff's version of facts if such facts are blatantly contradicted by video evidence. Waters v. Madson, 921 F.3d 725, 734 (8th Cir. 2019) (quoting Boude v. City of Raymore, 855 F.3d 930, 933 (8th Cir. 2017)). The Eighth Circuit has applied a similar analysis where allegations in pleadings are contradicted by the relevant documents. Meardon v. Reg., 994 F.3d 927, 935 (8th Cir. 2021), reh'g denied (May 26, 2021) (finding breach-of-contract claim, to extent based on oral promises alleged in plaintiff's complaint that were contradicted by the terms of the written contract that plaintiff signed, lacked the requisite plausibility, and therefore had to be dismissed.). The Second Circuit has stated that on a motion to dismiss, "a court need not feel constrained to accept as truth . . . pleadings that . . . are contradicted either by statements in the

complaint itself or by documents upon which its pleadings rely." Sveaas v. Christie's Inc., 452 F. App'x 63, 66 (2d Cir. 2011) (quoting In re Livent, Inc. Noteholders Sec. Litig., 151 F.Supp.2d 371, 405 (S.D.N.Y. 2001)). The Sixth and Seventh Circuits have stated similar propositions: "when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations." Williams v. CitiMortgage, Inc., 498 Fed.Appx. 532, 536 (6th Cir.2012) (quoting N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend, 163 F.3d 449, 454 (7th Cir.1998)).

Here, this Court is not bound to accept the incorrect statement from paragraph 42 of Plaintiff's Complaint which is contradicted by the Handbook itself. Any allegation that there was an implied agreement to extend Plaintiff certain appeal rights is contradicted by the words of the Handbook: "The Head of School will hear an appeal at his or her discretion." (Affidavit of James Bopp, Ex. "A", p. 44).

## III. THIS COURT SHOULD DISMISS THIS ENTIRE CASE UNDER FED. R. CIV. P. 12(B)(1) BECAUSE THE ECCLESIASTICAL ABSTENTION DOCTRINE PREVENTS JUDICIAL REVIEW OF THE INTERNAL DISCIPLINARY PROCEDURES OF RELIGIOUS INSTITUTIONS.

The ecclesiastical abstention doctrine arises from the First Amendment's Free Exercise Clause and Establishment Clause, and the ecclesiastical abstention doctrine applies to the states through the Fourteenth Amendment. U.S. Const. amends. I, XIV. In the seminal case setting forth the ecclesiastical abstention doctrine, Watson v. Jones, 80 U.S. 679 (1871), the United States Supreme Court held that civil courts lack subject matter jurisdiction over "matters which concern theological controversy, church discipline, ecclesiastical government, or the conformity of the members of the church to the standard of morals required of them." Id. at 733.

The Nebraska Supreme Court has, on occasion, discussed the ecclesiastical abstention doctrine. See, e.g., Pounder v. Ash, 44 Neb. 672, 63 N.W. 48, 51 (1895) ("[I]t would be a vain consent, and would lead to the total subversion of such religious bodies, if any one aggrieved by one of their decisions could appeal to the secular courts, and have them reversed."). More recently, the Nebraska Court of Appeals relied on the ecclesiastical abstention doctrine to affirm the dismissal of a contract claim by a former teacher against a religious school. Parizek v. Roncalli Cath. High Sch. of Omaha, 11 Neb. App. 482, 488–89, 655 N.W.2d 404, 410 (2002).

In Parizek, the Court of Appeals provided the following instructive analysis:

> [I]n order to determine whether [the teacher]'s employment contract was unconscionable or a contract of adhesion, we must inquire into church doctrine . . . Because of the language included in the [school's] employment contract, in order to determine if the terms contained in the contract rendered it unconscionable, this court would be required to inquire into church doctrine to ascertain the meaning of the contract's terms. Such an inquiry is not permitted by the First Amendment.

Id. This Court should apply similar reasoning here and dismiss Plaintiff's Complaint.

### A. *Courts throughout the United States have applied the doctrine to bar a variety of claims by students and former students against religious schools.*

The ecclesiastical abstention doctrine, and particularly its application to student-religious school lawsuits, are well-developed in the Texas state courts. See, e.g., Doe v. Archdiocese of Galveston-Houston, 2020 WL 3820886, at *6 (Tex. App. July 7, 2020) ("[I]n the context of an educational faith-based institution, the expulsion or retention of students are considered ecclesiastical matters to which the ecclesiastical abstention doctrine applies."); In re Episcopal Sch. of Dallas, Inc., 556 S.W.3d 347, 359 (Tex. App. 2017) ("Having examined the substance and nature of the Does' claims, we further conclude that resolving those claims would require a court to pass judgment on the school's internal affairs and governance—matters exclusively within the province of an ecclesiastical institution."); and In re St. Thomas High Sch., 495 S.W.3d 500, 513

15

(Tex. App. 2016) (After plaintiff-student obtained injunction against school, appellate court overruled lower court, finding that the "injunction impedes St. Thomas's ability to manage its internal affairs regarding discipline and expulsion.").

State courts outside of Texas have provided similar analysis and holdings. For example, the Arkansas Supreme Court has held that a claim for breach of contract arising out of parochial school student's disenrollment was outside the purview of the circuit court's subject-matter jurisdiction. Calvary Christian Sch., Inc. v. Huffstuttler, 238 S.W.3d 58, 67 (Ark. 2006) ("[T]hus, we hold that the claims for breach of contract and intentional interference with a contract, as well as the claim for outrage arising out of [the student]'s disenrollment, are outside the purview of the circuit court's subject-matter jurisdiction.").

Similarly, the Ohio Court of Appeals upheld the dismissal of a disenrolled student's claims for breach of contract, intentional infliction of emotional distress, unauthorized disclosure of educational records, and unjust enrichment. Doe v. Pontifical Coll. Josephinum, 87 N.E.3d 891, 897 (Ohio App. 2017) ("Analysis of each of appellant's claims necessarily implicates the procedure and result of "[the religious school-defendant]'s internal disciplinary proceedings. Therefore, under the ecclesiastical abstention doctrine, the civil courts lack jurisdiction over the claims asserted in appellant's complaint.").

### B. *The ecclesiastical abstention doctrine applies to Plaintiff's cause of action for breach of contract against Defendant Creighton Preparatory School.*

The allegations of Plaintiff's Complaint, viewed in light of the Handbook, make it clear that a full adjudication of Plaintiff's claims risks excessive entanglement between government and religion which the First Amendment does not allow. The fact that Defendant Creighton Preparatory School is a religious organization is pled in Plaintiff's Complaint. (Plaintiff's

Complaint, ¶ 5). The fact that Defendant Creighton Preparatory School is a religious organization is also evidenced in the Handbook. For example, the mission statement on the front of the Handbook states that "Creighton Preparatory School forms men of faith, scholarship, leadership, and service in the Catholic and Jesuit tradition" (Affidavit of James Bopp, Ex. "A", cover page). Further, the Handbook states that it "does not create any restriction upon Creighton Preparatory School's right to institute any course of disciplinary action which, in Prep's sole discretion, it believes is necessary and consistent with its Catholic Jesuit educational mission." (Affidavit of James Bopp, Ex. "A", p. 76).

 Plaintiff's Complaint states that he was accused of making lewd statements related to having sex with a school counselor. (Plaintiff's Complaint, ¶¶ 2 and 12). Plaintiff's Complaint also states that Plaintiff confessed to the allegations against him. (Plaintiff's Complaint, ¶ 13). Plaintiff's Complaint maintains that the accusations were false and, that Plaintiff's confession was not true. (Plaintiff's Complaint, ¶¶ 2 and 13). However, these factual allegations directly implicate the above-cited Handbook provisions and Defendant Creighton Preparatory School's interpretation and enforcement of the above-cited Handbook provisions. Adjudication of Plaintiff's claim for breach of contract will require this Court to determine whether Defendant Creighton Preparatory School's enforcement of its disciplinary procedures was consistent with its Catholic Jesuit educational mission. Based on the First Amendment, this Court should decline to hear this case involving the internal discipline procedures of a religious school.

***C.    The ecclesiastical abstention doctrine applies to Plaintiff's cause of action under 42 U.S.C. § 1983 against all three Defendants.***

As set forth above, Defendants are not state actors and are therefore not subject to liability under 42 U.S.C. § 1983. However, should the Court be inclined to allow Plaintiff to proceed with his § 1983 claim despite the lack of state action, such a claim would implicate the ecclesiastical abstention doctrine for all of the same reasons set forth above.

## CONCLUSION

For the reasons set forth above, Defendants request that this Court dismiss Plaintiff's Complaint, with prejudice, for the costs of this action, and for such other and further relief as the Court may allow.

DATED this 15th day of November, 2021.

>   CREIGHTON PREPARATORY SCHOOL, in its official capacity, STERLING BROWN and JAMES BOPP in their individual capacities, Defendants
>
>   By: /s/Patrick M. Flood
>   Patrick M. Flood, #19042
>   William N. Beerman, #26544
>   PANSING HOGAN ERNST & BACHMAN LLP
>   10250 Regency Circle, Suite 300
>   Omaha, NE 68114
>   (402) 397-5500
>   (402) 397-4853 (facsimile)
>   Attorneys for Defendant
>   pflood@pheblaw.com
>   wbeerman@pheblaw.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that on the 15th day of November, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification to the following:

Keith L. Altman
LAW OFFICE OF KEITH ALTMAN
33228 West 12 Mile Road, Suite 375
Farmington Hills, MI 48334


                /s/ Patrick M. Flood