# UNITED STATES DISTRICT COURT
## DISTRICT OF NEBRASKA

| | |
|---|---|
| ELIJAH WELLS, by and through his mother SUZANNE GLOVER, | Case No 8:21-cv-00322-RFR-SMB. |
| *Plaintiff,* | **FIRST AMENDED COMPLAINT FOR VIOLATIONS OF TITLE IX OF THE EDUCATION ACT AMENDMENTS OF 1972, AND BREACH OF CONTRACT** |
| v. | |
| CREIGHTON PREPARATORY SCHOOL, | |
| *Defendant.* | JURY TRIAL DEMANDED |

**NOW COMES** Plaintiff ELIJAH WELLS, by and through his mother SUZANNE GLOVER and his attorneys, The Law Office of Keith Altman, with his First Amended Complaint against Defendant, hereby states the following:

## BACKGROUND

1. This is an action seeking declaratory judgment and injunctive relief for Defendants' violation of Title IX of The Education Act

Amendments of 1972 ("Title IX"). This action also seeks damages for Defendant's breach of contract.

2. Plaintiff Elijah Wells was a student Creighton Preparatory School who was expelled after a teacher falsely accused him of making sexual statements towards another teacher. Defendant Creighton failed to carry out a Title IX investigation and failed to afford Plaintiff an opportunity to defend himself.

## **PARTIES**

3. Plaintiff Elijah Wells ("Plaintiff") is a former student at Creighton Preparatory school.

4. The Complaint is filed by and through Plaintiff's mother, Suzanne Glover ("Suzanne") with the consent of Plaintiff.

5. Defendant Creighton Preparatory School ("Creighton") is a private, Jesuit college prep school for young men in Omaha, Nebraska.

6. Upon information and belief, Creighton is a recipient of federal funds.

## JURISDICTION & VENUE

7. Plaintiffs' claims arise under the Constitution and laws of the United States. This Court has jurisdiction over these claims under 28 U.S.C. §§ 1331, 1343(a)(3).

8. This action arises under Title IX of The Education Act Amendments of 1972. Pub. L. No. 92-318, 86 Stat. 373 (1972), 20 U.S.C. §§ 1681 et seq., which prohibits discrimination based on sex in educational institutions receiving federal funding.

9. This Court has the authority to grant declaratory and injunctive relief under 28 U.S.C. § 2201-2202 and Fed. R. Civ. P. 57 and 65.

10. Venue is proper in the District of Nebraska under 28 U.S.C. § 1391(e). Defendant as well as all Plaintiff reside in this judicial district. Moreover, all the events and omissions by Creighton giving rise to this action occurred in this judicial district.

## <u>FACTUAL ALLEGATIONS</u>

11.   Plaintiff attended Creighton Preparatory School starting in 9th grade.  He was a starting varsity football player and had several recruiting offers.  Every one of his teachers has said good things about him, describing Plaintiff as an excellent student and always respectful.

12.   At all times relevant to this action, Stirling Brown was employed by Creighton as the Dean of Students

13.   At all times relevant to this action, James Bopp was employed by Creighton as the Head of School.

14.   At the beginning of April 2021, Plaintiff was having a private conversation with his friend on school grounds, in which his friend stated, in vulgar language, he would have sex with one of Creighton's teachers. Plaintiff replied that she is the best counselor in the world, but that he would not have sex with her (also in vulgar language). Plaintiff and his friend had a reasonable expectation of privacy regarding their conversation.

15.   Faculty staff overheard the conversation but claimed that Plaintiff had said he would have sex with his teacher, despite Plaintiff's friend confirming that Plaintiff had said the opposite. Faculty staff overheard the conversation because they were eavesdropping into Plaintiff's private conversation.

16.   During the investigation of the incident, Dean Brown repeatedly referred to this incident as Plaintiff's sexual harassment of the teacher.

17.   Creighton's staff did not pay any regard to Title IX even though they accused Plaintiff of sexual misconduct towards a teacher.

18.   Dean Brown questioned Plaintiff about the allegations. In this questioning, Dean Brown repeatedly demanded Plaintiff to confess to having said that he would have sex with the teacher. Dean Brown intimidated and pressured Plaintiff immensely.

19.   Dean Brown bluntly stated from the beginning that he deemed Plaintiff guilty of this sexual misconduct.

20.   This all happened without Creighton informing Plaintiff's parents of the situation. Instead, Plaintiff had to handle and escape the intimidating situation without the help of an adult.

21.   Additionally, the "evidence" that the school used to convict Plaintiff partly consisted of a video camera tape, which does not have any audio.  Defendant has yet to explain how this video without audio can prove a spoken word.

22.   Furthermore, to determine the extent of Plaintiff's punishment, Creighton claimed his absences from class to be a problem.  Plaintiff's mother, Suzanne, was never informed about the absences being a problem, and when she told Creighton this, Creighton claimed it was because they could not contact her.  Yet Creighton had her contact information, and the contact information of Suzanne on record at all times.

23.   Further, Creighton accused Plaintiff of having his girlfriend call and excuse him for classes, when in reality it was Plaintiff's dad's girlfriend calling into excuse Plaintiff rightfully.  Again, this was an accusation where Creighton was not able to show

any proof of Plaintiff's alleged misbehavior, but let it influence the decision about Plaintiff's punishment.

24.   In a further escalation, Dean Brown told all staff at Creighton about what Plaintiff allegedly had said, without giving Plaintiff the chance to present his version of events.

25.   All these instances clearly show that Creighton was at no point interested in complying with Title IX or giving Plaintiff a fair process to which he was entitled under Title IX.

26.   Plaintiff was not granted an appeal process at all despite being entitled to one.  Creighton claimed this was due to the COVID-19 pandemic.  Considering that at the time in April 2021, Creighton was back to in-person classes, this is another excuse to not give Plaintiff a fair process.  Even if in-person meetings would not be possible, Creighton could have held a meeting via Zoom after having experience with Zoom classes and Zoom meetings since the beginning of the pandemic.

27.   Due to the denial of an appeal process, Plaintiff was never able to present his witnesses, evidence, or even just his version of the events.

28.    At no time did Mr. Bopp hear any evidence or rebuttals from Plaintiff.

29.    As a result of Creighton's actions Plaintiff was expelled from Creighton.

30.    Plaintiff's expulsion could ruin Plaintiff's future academic and work-life and has caused Plaintiff significant emotional harm.

## Respondaet Superior and Agency

31.    Plaintiffs incorporate by reference every preceding allegation as if specifically set forth herein.

32.    Under federal and Nebraska law, an employer may be vicariously liable for an employee's actions when they are acting within the scope of their employment on behalf of their employer.

33.    At all times relevant to this action, Bopp and Brown were employed by Creighton.  Their acts and omissions relevant to this action were undertaken within the scope of their employment with Creighton.

## FIRST CAUSE OF ACTION
## <u>VIOLATION OF TITLE IX</u>

34.   Plaintiff incorporates by reference as if fully stated herein, Paragraphs 1-33 of his Complaint in their entirety.

35.   Upon information and belief, Creighton is a private school that receives federal funding.

36.   Title IX prohibits discrimination based on sex in educational institutions receiving federal funding. Schools receiving federal funding are required to employ at least one Title IX coordinator, and a staff member responsible for Title IX compliance. Title IX creates a duty to investigate properly, and to provide the accused individual with due process.

37.   Defendant has violated Title IX by failing to conduct an adequate and impartial investigation into faculty complaints about Plaintiff's alleged sexual misconduct:

   a. During the inadequate investigation, Creighton's agents constantly pressured and intimidated Plaintiff (a minor) into confessing that he vulgarly said he would have sex with his teacher, when in fact, he did not say this.

b.   Plaintiff   succumbed   to   Creighton's   pressure   and
     intimidation and gave a false confession to be free to leave
     the situation.

c.   Before any investigation even began, Dean Brown stated
     that he deemed Plaintiff guilty.

d.   Creighton used videotape with no audio as evidence of
     what Plaintiff said.

e.   Plaintiff's parents were not informed of the charges against
     Plaintiff during the entirety of the investigation.  Plaintiff
     was denied the ability to appeal his expulsion despite being
     entitled to an appeals process.

f.   Bopp, the Head of School, stated that "[i[f Elijah is
     contending that this is not what occurred, I simply do not
     believe that", despite never allowing Plaintiff to present
     any evidence or rebuttal in his own defense.

g.   Plaintiff was not given the opportunity to present any
     meaningful defense on his own behalf or to rebut the claims
     of sexual harassment made by Creighton's staff against
     him.

38.    Creighton's lack of a proper investigation led to an erroneous outcome and the imposition of an unjustly severe penalty against Plaintiff. Plaintiff's punishment of expulsion was grossly disproportionate to the nature of the accusation against him.

39.    Rather than even consider a less form of reprimand, Bopp, Brown, and Creighton decided to inflict the most severe punishment available to them. There was no justification provided as to why expulsion was preferable to another lesser form of punishment.

40.    Creighton's basis for expulsing Plaintiff was Bopp not believing Plaintiff. Bopp's own words were: "If Elijah is contending that this is not what occurred, I simply do not believe that. As such, the appeal process concludes with my confirmation of his dismissal".

41.    As a direct and proximate result of Creighton's violation of Title IX, Plaintiff has suffered an enormous setback in his educational experience as well as significant emotional harm.

## SECOND CAUSE OF ACTION
## <u>BREACH OF CONTRACT</u>

42.    Plaintiff incorporates by reference as if fully stated herein, Paragraphs 1-29 of his Complaint in their entirety.

43.    Plaintiffs and Creighton entered into a contract by which Creighton offered admission to Plaintiffs on specified terms.

44.    Plaintiffs accepted Creighton's offer and attended Creighton as a student.

45.    There was a mutual exchange of consideration for which Plaintiff attended Creighton involving payments and expenditure of time and Creighton made its services available to Plaintiff including educational opportunities.

46.     As part of the contract was the existence of policies set forth by Creighton in the Student-Parent Handbook. As a condition of attending Creighton, Plaintiff and Creighton were both expected to be bound by those policies. Included within those policies were policies concerning a fair and impartial disciplinary process. These policies were part of the bargain between Plaintiff and Creighton. Without agreeing to abide by those policies, Plaintiff would not have been permitted to attend Creighton.

47.  As part of the contract was the existence of policies regarding a fair and impartial disciplinary process.

48.  Page 44 of the Student-Parent Handbook states that a student has a right to appeal a Disciplinary Dismissal if due process was not followed.  Despite this, Plaintiff was not granted a right to an appeal.  This represents a breach of contract on the part of Creighton.

49.  As a direct and proximate result of Creighton's actions, Plaintiff has suffered an enormous setback in his educational experience as well as significant emotional harm.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request that this Court grant them relief as follows:

(1) Enter a judgment declaring that Creighton's expulsion process violated Title IX.

(2) Issue a permanent injunction prohibiting Creighton from enforcing Plaintiff's expulsion, and ordering Creighton to readmit Plaintiff and expunge his record regarding this matter.

(3) Monetary damages against Creighton for breach of contract.

(4) Attorneys' fees.

(5) Costs of the suit.

(6) Such other relief as the Court may deem proper.

Date: February 1, 2022.          Respectfully Submitted,

Keith Altman, Esq.
The Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Telephone: (987) 987-8929
keithaltman@kaltmanlaw.com
*Attorneys for Plaintiff*

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury on all issues stated in this action.

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2022, I served the foregoing

FIRST AMENDED COMPLAINT on all Defendants of

record *via* electronic filing (ECF).

Keith Altman
*Attorney for Plaintiff*