IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ELIJAH WELLS, by and through his mother SUZANNE GLOVER,<br><br>            Plaintiff,<br><br>    v.<br><br>CREIGHTON PREPARATORY SCHOOL, in its official capacity; STERLING BROWN, in his individual capacity; JAMES BOPP, in his individual capacity,<br><br>            Defendants. | 8:21CV322<br><br>**ORDER** |

    Plaintiff Elijah Wells ("Wells") is a minor who brings suit by and through his mother, Suzanne Glover ("Glover"). Wells was a student at defendant Creighton Preparatory School ("Creighton Prep") before he was expelled in 2021. Defendants Sterling Brown ("Brown") and James Bopp ("Bopp" and collectively, "defendants") were administrators at the school when Wells was expelled. On August 24, 2021, Wells filed this action against the defendants under 42 U.S.C. § 1983, alleging they violated his rights to due process under the Fourteenth Amendment to the United States Constitution and Article I-3 of the Nebraska Constitution. Wells also alleged Creighton Prep was in breach of contract.

    Now before the Court is the defendants' Motion to Dismiss (Filing No. 15) Wells's Complaint (Filing No. 1) pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). The defendants argue "the ecclesiastical abstention doctrine prevents judicial review of the internal disciplinary procedures of religious institutions" like Creighton Prep. They also contend Wells fails to state cognizable claims under § 1983 and Nebraska contract law.

On February 1, 2022, in response to the defendants' motion, Wells filed an Amended Complaint (Filing No. 20).[1] Wells no longer names Brown and Bopp as defendants in this case. He also dropped his flagship § 1983 claim, now stating "this action arises under Title IX of The Education Act Amendments of 1972. Pub. L. No. 92-318, 86 Stat. 373 (1972), 20 U.S.C. §§ 1681 et seq., which prohibits discrimination based on sex in educational institutions receiving federal funding." Wells still alleges breach of contract.

The filing of an amended pleading does not necessarily moot a pending motion to dismiss. *See* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (3d ed. 2010) ("If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading."); *Cartier v. Wells Fargo Bank, N.A.*, 547 F. App'x 800, 804 (8th Cir. 2013) (unpublished per curiam) (calling the question a matter of the district court's discretion). But amended allegations often do—as a practical matter—render moot all or part of a pending motion to dismiss. *See*, *e.g.*, *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002). Such is the case here.

Given the substantial changes Wells made to his pleading in response to the issues the defendants raised, the Court concludes the interests of justice and judicial economy will be best served by denying the defendants' pending motion at this time without prejudice to Creighton Prep filing a timely motion to dismiss Wells's Amended Complaint, if it decides such a motion is warranted. *See* Fed. R. Civ. P. 12.

---

[1] The Court questions whether the defendants' agreement to Wells's request for an extension of time to respond to their motion to dismiss necessarily means they have agreed to the filing of an amended pleading without leave under Federal Rule of Civil Procedure 15(a)(2). Absent any objection from the defendants, the Court will assume that it does and would likely grant leave if it doesn't. *See id.* ("The court should freely give leave when justice so requires.")

3

Based on the foregoing, the defendants' motion to dismiss (Filing No. 15) is denied without prejudice as moot.

IT IS SO ORDERED.

Dated this 2nd day of February 2022.

BY THE COURT:

*Robert F. Rossiter, Jr.*
Robert F. Rossiter, Jr.
Chief United States District Judge