## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ELIJAH WELLS, by and through his mother SUZANNE GLOVER, | Case No. 8:21-cv-322 |
| Plaintiff, | |
| v. | **DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS** |
| CREIGHTON PREPARATORY SCHOOL, in its official capacity, | **Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(b)(1)** |
| Defendant. | |

Defendant Creighton Preparatory School has moved to dismiss Plaintiff's Amended Complaint. Defendant hereby submits this Brief in Support of Defendant's Motion to Dismiss.

## **INTRODUCTION**

### Plaintiff's First Complaint and
### Defendants' First Motion to Dismiss

Elijah Wells, by and through his mother, Suzanne Glover, (the "Plaintiff") filed his Complaint with this Court on August 24, 2021 (Filing No. 1) ("Plaintiff's Complaint"). Plaintiff's Complaint alleged that Creighton Preparatory School, Sterling Brown, and James Bopp (together, the "Defendants") violated the United States Constitution and the Nebraska Constitution when the Defendants expelled Elijah Wells from Creighton Preparatory School. Plaintiff's Complaint asserted that such alleged violations of the United States Constitution and the Nebraska Constitution give rise to a claim against the Defendants under 42 U.S.C. § 1983. Plaintiff's Complaint further alleged that the Creighton Preparatory School Student-Parent Handbook formed the basis of an enforceable contract, and that Defendant Creighton Preparatory School breached that contract when it expelled Elijah Wells from its school.

In response, the three Defendants moved to dismiss the 42 U.S.C. § 1983 claims under Fed. R. Civ. P. 12(b)(6). Defendant Creighton Preparatory School moved to dismiss the breach of contract claim against it under Fed. R. Civ. P. 12(b)(6). The three Defendants also moved to dismiss this case in its entirety under Fed. R. Civ. P. 12(b)(1) based on First Amendment principles which prevent civil courts from adjudicating certain disputes which are inherently religious in nature.

### Plaintiff's Amended Complaint and Defendant's Second Motion to Dismiss

In response to Defendants' Motion to Dismiss, and while that Motion was pending with this Court, Plaintiff filed Plaintiff's Amended Complaint on February 1, 2022. (Filing No. 20) ("Plaintiff's Amended Complaint"). On February 2, 2022, this Court denied Defendants' then-pending Motion to Dismiss as moot without addressing or deciding on the substance of the arguments advanced by the Defendants. (Filing No. 21). This Court overruled Defendants' Motion to Dismiss without prejudice to bringing additional motions. (Filing No. 21).

As compared to Plaintiff's Complaint, Plaintiff dropped Brown and Bopp as individual defendants in Plaintiff's Amended Complaint. Plaintiff also dropped his claim under 42 U.S.C. § 1983. Instead, Plaintiff now asserts a claim under Title IX of The Education Act Amendments of 1972. Pub. L. No. 92-318, 86 Stat. 373 (1972), 20 U.S.C. §§ 1681 et seq. ("Title IX").

Plaintiff's Amended Complaint also includes a claim for breach of contract which remains substantially the same as the initial breach of contract claim asserted in Plaintiff's Complaint. Defendant Creighton Preparatory School has moved again for full dismissal of all claims both under Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(b)(1).

This Court should dismiss Plaintiff's Title IX claim under Fed. R. Civ. P. 12(b)(1) because Plaintiff's Amended Complaint fails to allege any facts which suggest that Defendant Creighton

2

Preparatory School discriminated against Plaintiff on the basis of Plaintiff's sex. In his Amended Complaint, Plaintiff challenges several alleged procedural deficiencies in Creighton Preparatory School's disciplinary process. However, Title IX is about sex discrimination – not procedure. Plaintiff's Amended Complaint fails to raise a plausible inference that Creighton Preparatory School, an all-male school, discriminated against the Plaintiff on the basis of his status as a male.

Creighton Preparatory School moves for dismissal under Fed. R. Civ. P. 12(b)(6) as to Plaintiff's breach of contract claim for substantially the same reasons it moved to dismiss the first iteration of Plaintiff's breach of contract claim. The arguments related to Plaintiff's breach of contract claim set forth in this Brief are nearly identical to previous briefing, with updated references for differences in paragraph numbering. In short, this Court should dismiss the breach of contract claim against Creighton Preparatory School because the Creighton Preparatory School Student-Parent Handbook cannot form the basis of an enforceable contract – express or implied.

Finally, Creighton Preparatory School has also moved again to dismiss this case in its entirety under Fed. R. Civ. P. 12(b)(1) under the doctrine of ecclesiastical abstention. The arguments on this point are substantially-similar to the arguments submitted in previous briefing. This Court should dismiss this case under Fed. R. Civ. P. 12(b)(1) because the First Amendment to the United States Constitution prohibits judicial review of a religious organization's internal disciplinary and personnel decisions. Full adjudication of Plaintiff's claims would risk excessive entanglement between government and religion which the First Amendment does not allow.

## STANDARDS

**12(b)(6) Standards**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  The Rule 8 pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Pleadings that merely offer "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Iqbal, 556 U.S. at 678.  When ruling on a Rule 12(b)(6) motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation" and "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp., 550 U.S. at 555.

In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must allege facts, which if accepted as true, "state a claim to relief that is plausible on its face."  Ashcroft, 556 U.S. at 678.  A complaint satisfies the plausibility requirement when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged;" however, the mere "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

**12(b)(1) Standards**

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). When defendants facially challenge subject matter jurisdiction under Rule 12(b)(1), plaintiffs have the burden of establishing subject matter jurisdiction. See, e.g., Marcus v. Kansas Dep't of Revenue, 170 F. 3d 1305, 1309 (10th Cir. 1999);

4

and Richmond, Fredericksburg & Potomic R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991), cert. denied, 503 U.S. 984 (1992).

## ARGUMENT

## I.   THIS COURT SHOULD DISMISS PLAINTIFF'S AMENDED COMPLAINT BECAUSE PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE A CLAIM UNDER TITLE IX.

Title IX provides that "[n]o person . . . shall, on the basis of sex, . . . be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a).  Generally, Title IX is not an invitation for plaintiffs to second-guess disciplinary decisions of school administrators. See Davis ex rel. LaShonda D. v. Monroe Cty. Bd. of Educ., 526 U.S. 629, 648–49 (1999). And Title IX should be construed to give "[s]chool administrators . . . the flexibility they require" to initiate an appropriate disciplinary response. Id.

In two recent cases, the Eighth Circuit has formulated the appropriate standard on a motion to dismiss a Title IX claim:  Plaintiff must allege adequately that Defendant expelled the Plaintiff on the basis of sex—that is, because he is a male. Doe v. Univ. of Ark.-Fayetteville, 974 F.3d 858, 864 (8th Cir. 2020); and Rowles v. Curators of Univ. of Missouri, 983 F.3d 345, 360 (8th Cir. 2020).  Stated differently, the question is whether the alleged facts, if true, raise a plausible inference that the defendant discriminated against the plaintiff on the basis of sex. Id. ("[Plaintiff] has failed to plausibly allege that the University disciplined him because he is a male . . . Accordingly, we affirm the district court's dismissal of [Plaintiff's] Title IX claim.").  Therefore, to survive this Motion to Dismiss, Plaintiff's Amended Complaint must allege sufficient facts which raise a plausible inference that Creighton Preparatory School expelled Plaintiff because Plaintiff is male.

5

**A.      The allegations in Plaintiff's Amended Complaint do not raise a plausible inference that Creighton Preparatory School expelled Plaintiff because of Plaintiff's status as a male.**

Plaintiff's Amended Complaint asserts various grievances related to the process and procedure which Plaintiff alleges Creighton Preparatory School utilized in expelling Plaintiff. Plaintiff's Amended Complaint generally alleges various failures to adhere to procedural requirements of Title IX, including alleged failures to:

- "pay any regard to Title IX" (¶ 17);

- grant Plaintiff an appeal process (¶ 26);

- "hear any evidence or rebuttals from Plaintiff" (¶ 28); and/or

- "conduct an adequate and impartial investigation" (¶ 37).

(Plaintiff's Amended Complaint).  However, Plaintiff does not link any of these alleged procedural failings to discrimination based on his status as a male.  Alleged procedural failings alone do not constitute sex discrimination. Gebser v. Lago Vista Indep. Sch. Dist., 524 U.S. 274, 292 (1998) ("[T]he failure to promulgate a grievance procedure does not itself constitute "discrimination" under Title IX . . . We have never held . . . that the implied private right of action under Title IX allows recovery in damages for violation of those sorts of administrative requirements.").

Plaintiff's Amended Complaint does not, for example, allege that any representative of the Creighton Preparatory School used any sex-based language when expelling Plaintiff.  There are no facts on the face of Plaintiff's Amended Complaint which would raise an inference of discriminatory animus based on Plaintiff's status as a male.

Plaintiff's Amended Complaint also does not allege the existence of any similarly-situated, opposite-sex comparator who Defendant treated more favorably than Plaintiff on the basis of Plaintiff's and the comparator's respective sexes. See Rowles v. Curators of Univ. of Missouri,

983 F.3d 345, 360 (8th Cir. 2020) (describing possible Title IX "selective enforcement" discrimination theory premised on a plaintiff receiving disparate punishment as compared to a similarly-situated comparator where such differences in punishment was motivated by sex).

Instead, Plaintiff's Amended Complaint makes it clear that "Defendant Creighton Preparatory School ("Creighton") is a private, Jesuit college prep school **for young men** in Omaha, Nebraska." (Amended Complaint, ¶ 5) (emphasis added).  This allegation forecloses the possibility that there could possibly exist a similarly-situated, opposite-sex comparator who Creighton Preparatory School treated more favorably than Plaintiff on the basis of Plaintiff's status as a male.

**B.** **Recent caselaw supports Defendant's Motion to Dismiss.**

    (1)    <u>The recent Eighth Circuit cases support Defendant's Motion to Dismiss</u>.

Two recent Eighth Circuit cases addressing motions to dismiss Title IX claims are particularly instructive and helpful in deciding this Motion.  This is because in the first case, <u>Doe v. Univ. of Ark.-Fayetteville</u>, 974 F.3d 858, 864 (8th Cir. 2020), the Eighth Circuit held that the plaintiff had pled sufficient facts to state a claim under Title IX, and in the later case, <u>Rowles v. Curators of Univ. of Missouri</u>, 983 F.3d 345, 360 (8th Cir. 2020), the Eighth Circuit held that the plaintiff had not pled sufficient facts to state a claim under Title IX.

In <u>Doe v. University of Arkansas-Fayetteville</u>, 974 F.3d 858, 865 (8th Cir. 2020), the university-defendant found plaintiff responsible for sexual assault by force but did not expel the plaintiff. Instead, the university-defendant allowed the plaintiff to "graduate and required only Title IX training, community service, and an online course" due to the "extremely close factual determinations" the case required. <u>Id.</u> The plaintiff alleged that this "deviation from ordinary sanctions suggest[ed] that the University found him responsible for sexual assault in order to avoid further negative media attention and to portray a stricter approach to sexual assault cases." <u>Id.</u> The

Court noted that "[e]xternal pressure on a university to demonstrate that it acted vigorously in response to complaints by female students may support an inference that a university is biased based on sex, although not necessarily in a particular case." Id. at 865. The Eighth Circuit held that plaintiff's allegations that the university deviated from its normal practices, paired with an investigation outcome that was contrary to the substantial weight of evidence, and external pressure on the school to find men responsible for sexual assault, together sufficed to survive a motion to dismiss. Id. at 865–66.

Shortly after Doe, the Eighth Circuit upheld the dismissal of a Title IX claim for failure to state a claim in Rowles v. Curators of Univ. of Missouri, 983 F.3d 345, 359 (8th Cir. 2020). In Rowles, the plaintiff argued, among other things, that a university investigator's alleged comment during a previous Title IX investigation that the plaintiff "looked like someone who might commit sexual assault" suggests bias towards large men. Id. The Eighth Circuit rejected the plaintiff's argument, reasoning that: "[w]e do not believe that an investigator's stray comment during a prior investigation, when such investigator is not alleged to have participated in the present investigation, plausibly demonstrates that the University disciplined [the plaintiff] based on his sex." Id. The Eighth Circuit concluded that "[the plaintiff]'s complaint fails to plausibly allege that the investigation reached an outcome against the weight of the evidence or allege any additional facts suggesting bias based on his sex." Id.

Here, Plaintiff has not alleged similar facts to either Doe or Rowles, and Plaintiff has not otherwise pled facts which meet the legal standards set forth in these cases. Plaintiff's Amended Complaint includes the conclusory allegations that there was an "erroneous outcome" followed by an "unjustly severe penalty" (Amended Complaint, ¶ 38). These conclusory allegations could arguably be construed as allegations that Creighton Preparatory School's investigation reached an

'outcome against the weight of the evidence' as that term is described in <u>Doe</u> and <u>Rowles</u>. However, an outcome against the weight of the evidence alone is not sufficient to state a Title IX claim under Eighth Circuit precedent.  In <u>Rowles</u>, the Eighth Circuit summarized its own holding in <u>Doe</u>, stating where the plaintiff had pled facts "demonstrating that the investigation 'reached an outcome that was against the substantial weight of the evidence' . . . [c]onsidered **together** with allegations that the university's decision was inconsistent with ordinary practice and that it faced external pressure to show it 'acted vigorously in response to complaints by female students,' we concluded that the complaint supported an inference that the university was biased based on sex." <u>Rowles v. Curators of Univ. of Missouri</u>, 983 F.3d 345, 359 (8th Cir. 2020) (quoting <u>Doe</u>, 974 F. 3d at 865-66) (emphasis added).  Here, Plaintiff has not alleged facts suggesting that Creighton Preparatory School's actions were motivated by an external pressure or a desire to demonstrate that it acts vigorously in response to complaints by female students like in <u>Doe</u>.  As set forth in Plaintiff's Amended Complaint, Creighton Preparatory School is an all-male school. (Amended Complaint, ¶ 5).

  <u>(2)</u> <u>Recently, several federal district courts have dismissed Title IX claims under a variety of different fact patterns.</u>

  In recent years, several district courts from inside and outside of the Eighth Circuit have dismissed Title IX claims for failure to state a claim – under a variety of different fact patterns pled. <u>See e.g.</u>, <u>Doe v. Univ. of Colorado, Boulder through Bd. of Regents of Univ. of Colorado</u>, 255 F. Supp. 3d 1064, 1078 (D. Colo. 2017) ("[T]he Court finds no inference of gender bias that rises to the level of "plausible."); <u>Doe v. Univ. of St. Thomas</u>, 240 F. Supp. 3d 984, 991 (D. Minn. 2017) ("The Court finds Doe's allegations are insufficient to support a plausible claim for relief . . Many of Doe's allegations have nothing to do with gender."); and <u>Kincaid v. Unified Sch. Dist.</u>

No. 500, Kansas City, Kansas, 2021 WL 5231993, at *11 (D. Kan. Nov. 10, 2021) ("At bottom, plaintiff's Complaint asserts purely conclusory allegations that the conduct she describes amounted to 'gender-based harassment'. . .. That doesn't suffice to plead a claim for sexual harassment under Title IX.").

In particular, in two recent decisions from the United States District Court for the District of Minnesota applied Eighth Circuit precent and dismissed the plaintiff's claims under Title IX. Mulla v. Univ. of Minnesota, 2021 WL 603774, at *12 (D. Minn. Feb. 16, 2021) ("[T]he Court finds that Plaintiff's allegations are insufficient to state a claim under Title IX that is plausible on its face."); Doe v. Saint John's Univ., Minnesota, 2021 WL 4993087, at *3 (D. Minn. Oct. 27, 2021) ("Even with all reasonable inferences drawn in favor of Doe, he fails to allege any facts that, either individually or in combination, state a claim of discrimination on the basis of sex in violation of Title IX."). This Court should join these courts and dismiss Plaintiff's Title IX claim.

**C.     The facts alleged in Plaintiff's Amended Complaint show that Plaintiff was expelled for non-discriminatory reasons.**

Rather than alleging any facts which raise a plausible inference that Creighton Preparatory School discriminated against Plaintiff on the basis of Plaintiff's sex, Plaintiff's Amended Complaint includes facts which actually suggest otherwise. Plaintiff alleges that "Creighton's basis for expulsing Plaintiff was Bopp not believing Plaintiff." (Amended Complaint, ¶ 40). Further, Plaintiff alleges that "Creighton's agents constantly pressured and intimidated Plaintiff (a minor) into confessing that he vulgarly said he would have sex with his teacher, when in fact, he did not say this." (Amended Complaint, ¶¶ 37 a.-b.). These allegations, if believed, show that it was non-discriminatory factors such as Plaintiff's confession and Creighton Preparatory School's determination of Plaintiff's credibility – not Plaintiff's status as a male – which caused Creighton

Preparatory School to expel the Plaintiff.  Clearly, Plaintiff disagrees with the expulsion process and decision.  However, these facts do not raise a plausible inference of discrimination based on sex.

## II.   THIS COURT SHOULD EXAMINE THE HANDBOOK AND DISMISS PLAINTIFF'S BREACH OF CONTRACT CLAIM.

Plaintiff has asserted a breach of contract claim against Creighton Preparatory School based on the 2020-2021 Student-Parent Handbook (the "Handbook").  This Court can and should review and consider the Handbook in ruling on this Motion to Dismiss Plaintiff's second cause of action against Creighton Preparatory School.  The language of the Handbook bars any claim for breach of an express contract, as well as any claim for breach of an implied contract.

### A.   This Court can and should consider the Handbook without converting this Motion into one for summary judgement.

When deciding a motion to dismiss under Rule 12(b)(6), the Court is normally limited to considering the facts alleged in the Complaint.  Generally, if the Court considers matters outside the pleadings, the motion to dismiss must be converted to one for summary judgment. Fed. R. Civ. P. 12(d).  However, the Court may consider exhibits attached to the complaint and materials that are necessarily embraced by the pleadings without converting the motion to a motion for summary judgment. Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697, n. 4 (8th Cir. 2003).  Documents necessarily embraced by the pleadings include those whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading. Ashanti v. City of Golden Valley, 666 F.3d 1148, 1151 (8th Cir. 2012).

In similar circumstances to this case, other federal courts have examined student handbooks when deciding a motion to dismiss without converting the motion to dismiss into one for summary

11

judgment.  See, e.g., Doe v. Coll. of Wooster, 243 F. Supp. 3d 875, 888 (N.D. Ohio 2017); and Goodman v. President & Trustees of Bowdoin Coll., 135 F. Supp. 2d 40, 47 (D. Me. 2001).

Here, Plaintiff asserts that the Handbook was part of an alleged contract between Plaintiff and Defendant Creighton Preparatory School.  (Amended Complaint, ¶ 46).  Plaintiff further asserts that both parties were expected to be bound by the Handbook's provisions. Id.  Finally, Plaintiff makes specific references to the text of the Handbook, and includes a page-number citation to the Handbook.  (Amended Complaint, ¶¶ 46-48).  Therefore, the Handbook is embraced by Plaintiff's Amended Complaint.  The Handbook is integral and central to Plaintiff's claims. This Court should examine the Handbook without converting Defendants' Motion into one for summary judgment.

**B.      The Handbook cannot form the basis of a claim for breach of an express contract because Creighton Preparatory School reserved the right to amend the Handbook at any time.**

In the context of both employee handbooks and student handbooks, the Nebraska Supreme Court has held that where the employer or school reserves the right to modify the handbook at its discretion, such handbook cannot form the basis of an enforceable written contract.  Armstrong v. Clarkson Coll., 297 Neb. 595, 613, 901 N.W.2d 1, 17 (2017).  In Armstrong, the Nebraska Supreme Court reasoned that "the requisite mutuality for an enforceable contract is absent when one of the contracting parties is bound to perform, and the rights of the parties exist at the option of one only." Id.

12

Here, the Handbook is filled with reservations of rights, including an express reservation by Creighton Preparatory School of the right to add to, to modify, or to abolish Handbook provisions without notice.  The Handbook reads, in relevant parts:

> The administration's judgment will be final in the interpretation of these policies and procedures, as well as in addressing any issues that might fall outside the scope of what has been written here.
>
> (Affidavit of James Bopp, Ex. "A", p. 1).
>
> ---
>
> Attendance at Creighton Prep is a privilege and it is also a voluntary association between the student, his parents, and the school.  As such, the relationship can be terminated at any time by the student and his family or by the school administration.
>
> (Affidavit of James Bopp, Ex. "A", p. 35).
>
> ---
>
> The Head of School will hear an appeal at his or her discretion.
>
> (Affidavit of James Bopp, Ex. "A", p. 44).
>
> ---
>
> The registration of the student is considered an acceptance on his part and on the part of his parents or guardians, of all rules and regulations of Creighton Preparatory School, including the judgment of school authorities on academic and disciplinary sanctions, suspensions, or expulsion of a student.
>
> (Affidavit of James Bopp, Ex. "A", p. 75).
>
> ---
>
> The information contained in the Handbook provides a general description of rules and regulations.  **The school reserves the right to add to, to modify or abolish any of the Handbook provisions without notice.**
>
> (Affidavit of James Bopp, Ex. "A", p. 75, emphasis added).
>
> ---
>
> This Handbook does not create any restriction upon Creighton Preparatory School's right to institute any course of disciplinary action which, in Prep's sole discretion, it believes is necessary and consistent with its Catholic Jesuit educational mission.
>
> (Affidavit of James Bopp, Ex. "A", p. 75).

The excerpts above make it clear that there was no mutuality of obligation. The Plaintiff agreed to abide by Creighton Preparatory School's rules, but Creighton Preparatory School reserved the right to change the rules at its discretion in order to best carry out its Catholic Jesuit educational mission. Therefore, the Handbook is not an enforceable contract under Nebraska law. This Court should dismiss Plaintiff's claim for breach of contract because the claim is premised upon a document which is not an enforceable contract under Nebraska law.

**C.    To the extent that Plaintiff's Amended Complaint attempts to assert a claim for breach of an implied contract, this Court should dismiss such claim. Any attempted claim for breach of an implied contract fails to state a claim upon which relief can be granted.**

While the Armstrong opinion is clear that the student handbook could not be an enforceable express contract, the Armstrong opinion left open the possibility that there could be some kind of implied contact between the student and the school in that case. Armstrong v. Clarkson Coll., 297 Neb. 595, 613, 901 N.W.2d 1, 17 (2017). The Nebraska Supreme Court explained that "[a] contract may be express, implied, written, or oral. An implied in fact contract arises where the intention of the parties is not expressed in writing but where the circumstances are such as to show a mutual intent to contract." Id. "Where an implied in fact contract exists, its terms may be shown by the surrounding facts and circumstances giving rise to the contract, the conduct of the parties when performing under the contract, or a general reasonableness standard." Id. In Armstrong, the Nebraska Supreme Court held that because the relevant student handbook could not serve as an enforceable written contract, the terms of the agreement, if any, between the student and the school were implied. Id. Here, any claim for breach of an implied contract must fail because (1) Plaintiff's Complaint does not plead the existence of an implied contract; (2) and the language of the

14

Handbook forecloses any possibility of an implied contract or agreement to extend Plaintiff a specific disciplinary or appeal procedure.

> (1)     Plaintiff's Amended Complaint fails to allege an implied contract.

Plaintiff's Amended Complaint does not allege an implied contract.  As pled, Plaintiff's breach of contract claim is premised entirely upon the written words of the Handbook, which Plaintiff contends governed the alleged agreement between the parties. (Amended Complaint, ¶¶ 46-48).  Plaintiff's Amended Complaint does not include allegations of any separate promises or conduct which could form the basis of an implied contract to provide the Plaintiff with certain discipline or appeal rights.  Instead, Plaintiff's Amended Complaint relies on the Handbook which expressly states, in several places, that all disciplinary decisions (including appeals of those disciplinary decisions), are reserved to Creighton Preparatory School's sole discretion.  Even if Plaintiff's claim for breach of contract is evaluated as an implied contract claim, such claim still fails on its face because the words of the Handbook are directly at odds with Plaintiff's claimed agreement.

> (2)     The express language of the Handbook forecloses any possibility of an implied contract to extend Plaintiff a specific disciplinary or appeal procedure.

The Nebraska Supreme Court has described the law of implied contracts as follows:

> [T]he term 'implied contract' refers to that class of obligations that arises from mutual agreement and intent to promise, **when the agreement and promise have simply not been expressed in words**.  An implied contract arises where the intention of the parties **is not expressed** but where the circumstances are such as to show a mutual intent to contract.

City of Scottsbluff v. Waste Connections of Nebraska, Inc., 282 Neb. 848, 856–57, 809 N.W.2d 725, 737 (2011) (emphasis added).  Here, Creighton Preparatory School's disciplinary procedures (including appeals) were expressed in words in the Handbook.  The words of the Handbook

foreclose any possibility that the parties had an implied contract to extend Plaintiff a specific disciplinary or appeal procedure.

On this point, Plaintiff's Complaint misstates the words of the Handbook.  Plaintiff's Amended Complaint alleges:

> Page 44 of the Student-Parent Handbook states that a student has a right to appeal a Disciplinary Dismissal if due process was not followed. Despite this, Plaintiff was not granted a right to an appeal.  This represents a breach of contract on the part of Creighton.

(Amended Complaint, ¶ 48).  Contrary to Plaintiff's assertion, page 44 of the Handbook does not state that a student has a right to an appeal.  Instead, the Handbook explicitly states that "[t]he Head of School will hear an appeal at his or her discretion." (Affidavit of James Bopp, Exhibit "A", p. 44).  While Plaintiff may be entitled to certain inferences on this motion to dismiss, the Court does not have to accept as true any allegations which are plainly contradicted by the relevant documents.

Many courts have disregarded obviously incorrect statements in a complaint when evaluating a motion to dismiss.  The Eighth Circuit has stated that, on a motion to dismiss, the trial court need not accept a plaintiff's version of facts if such facts are blatantly contradicted by video evidence. Waters v. Madson, 921 F.3d 725, 734 (8th Cir. 2019) (quoting Boude v. City of Raymore, 855 F.3d 930, 933 (8th Cir. 2017)).  The Eighth Circuit has applied a similar analysis where allegations in pleadings are contradicted by the relevant documents.  Meardon v. Reg., 994 F.3d 927, 935 (8th Cir. 2021), reh'g denied (May 26, 2021) (finding breach-of-contract claim, to extent based on oral promises alleged in plaintiff's complaint that were contradicted by the terms of the written contract that plaintiff signed, lacked the requisite plausibility, and therefore had to be dismissed.).  The Second Circuit has stated that on a motion to dismiss, "a court need not feel constrained to accept as truth . . . pleadings that . . . are contradicted either by statements in the

16

complaint itself or by documents upon which its pleadings rely." <u>Sveaas v. Christie's Inc.</u>, 452 F. App'x 63, 66 (2d Cir. 2011) (quoting <u>In re Livent, Inc. Noteholders Sec. Litig.</u>, 151 F.Supp.2d 371, 405 (S.D.N.Y. 2001)).  The Sixth and Seventh Circuits have stated similar propositions: "when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations." <u>Williams v. CitiMortgage, Inc.</u>, 498 Fed.Appx. 532, 536 (6th Cir.2012) (quoting <u>N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend</u>, 163 F.3d 449, 454 (7th Cir.1998)).

Here, this Court is not bound to accept the incorrect statement from paragraph 48 of Plaintiff's Amended Complaint which is contradicted by the Handbook itself.  Any allegation that there was an agreement to extend Plaintiff certain appeal rights is contradicted by the words of the Handbook: "The Head of School will hear an appeal at his or her discretion." (Affidavit of James Bopp, Ex. "A", p. 44).

## III.     THIS COURT SHOULD DISMISS THIS ENTIRE CASE UNDER FED. R. CIV. P. 12(B)(1) BECAUSE THE ECCLESIASTICAL ABSTENTION DOCTRINE PREVENTS JUDICIAL REVIEW OF THE INTERNAL DISCIPLINARY PROCEDURES OF RELIGIOUS INSTITUTIONS.

The ecclesiastical abstention doctrine arises from the First Amendment's Free Exercise Clause and Establishment Clause, and the ecclesiastical abstention doctrine applies to the states through the Fourteenth Amendment.  <u>U.S. Const. amends. I</u>, <u>XIV</u>.  In the seminal case setting forth the ecclesiastical abstention doctrine, <u>Watson v. Jones</u>, 80 U.S. 679 (1871), the United States Supreme Court held that civil courts lack subject matter jurisdiction over "matters which concern theological controversy, church discipline, ecclesiastical government, or the conformity of the members of the church to the standard of morals required of them."  <u>Id.</u> at 733.

The Nebraska Supreme Court has, on occasion, discussed the ecclesiastical abstention doctrine. See, e.g., Pounder v. Ash, 44 Neb. 672, 63 N.W. 48, 51 (1895) ("[I]t would be a vain consent, and would lead to the total subversion of such religious bodies, if any one aggrieved by one of their decisions could appeal to the secular courts, and have them reversed."). More recently, the Nebraska Court of Appeals relied on the ecclesiastical abstention doctrine to affirm the dismissal of a contract claim by a former teacher against a religious school. Parizek v. Roncalli Cath. High Sch. of Omaha, 11 Neb. App. 482, 488–89, 655 N.W.2d 404, 410 (2002).

In Parizek, the Court of Appeals provided the following instructive analysis:

> [I]n order to determine whether [the teacher]'s employment contract was unconscionable or a contract of adhesion, we must inquire into church doctrine . . . Because of the language included in the [school's] employment contract, in order to determine if the terms contained in the contract rendered it unconscionable, this court would be required to inquire into church doctrine to ascertain the meaning of the contract's terms. Such an inquiry is not permitted by the First Amendment.

Id. This Court should apply similar reasoning here and dismiss Plaintiff's Amended Complaint because, like in Parizek, this case will require this Court to inquire into religious doctrine. Specifically, full adjudication of this case will require this Court to ascertain the meaning of Handbook provisions related to Creighton Preparatory School's Catholic Jesuit mission, and then issue findings and conclusions related to whether Creighton Preparatory School was acting pursuant to such mission when it expelled Plaintiff. The First Amendment forbids this type of inquiry.

**A. Courts throughout the United States have applied the doctrine to bar a variety of claims by students and former students against religious schools.**

The ecclesiastical abstention doctrine, and particularly its application to student-religious school lawsuits, are well-developed in the Texas state courts. See, e.g., Doe v. Archdiocese of Galveston-Houston, 2020 WL 3820886, at *6 (Tex. App. July 7, 2020) ("[I]n the context of an

18

educational faith-based institution, the expulsion or retention of students are considered ecclesiastical matters to which the ecclesiastical abstention doctrine applies."); In re Episcopal Sch. of Dallas, Inc., 556 S.W.3d 347, 359 (Tex. App. 2017) ("Having examined the substance and nature of the Does' claims, we further conclude that resolving those claims would require a court to pass judgment on the school's internal affairs and governance—matters exclusively within the province of an ecclesiastical institution."); and In re St. Thomas High Sch., 495 S.W.3d 500, 513 (Tex. App. 2016) (After plaintiff-student obtained injunction against school, appellate court overruled lower court, finding that the "injunction impedes St. Thomas's ability to manage its internal affairs regarding discipline and expulsion.").

State courts outside of Texas have provided similar analysis and holdings. For example, the Arkansas Supreme Court has held that a claim for breach of contract arising out of parochial school student's disenrollment was outside the purview of the circuit court's subject-matter jurisdiction. Calvary Christian Sch., Inc. v. Huffstuttler, 238 S.W.3d 58, 67 (Ark. 2006) ("[T]hus, we hold that the claims for breach of contract and intentional interference with a contract, as well as the claim for outrage arising out of [the student]'s disenrollment, are outside the purview of the circuit court's subject-matter jurisdiction.").

Similarly, the Ohio Court of Appeals upheld the dismissal of a disenrolled student's claims for breach of contract, intentional infliction of emotional distress, unauthorized disclosure of educational records, and unjust enrichment. Doe v. Pontifical Coll. Josephinum, 87 N.E.3d 891, 897 (Ohio App. 2017) ("Analysis of each of appellant's claims necessarily implicates the procedure and result of "[the religious school-defendant]'s internal disciplinary proceedings. Therefore, under the ecclesiastical abstention doctrine, the civil courts lack jurisdiction over the claims asserted in appellant's complaint.").

**B.      The ecclesiastical abstention doctrine applies to Plaintiff's cause of action for breach of contract.**

The allegations of Plaintiff's Amended Complaint, viewed in light of the Handbook, make it clear that a full adjudication of Plaintiff's claims risks excessive entanglement between government and religion which the First Amendment does not allow.  The fact that Defendant Creighton Preparatory School is a religious organization is pled in Plaintiff's Complaint. (Amended Complaint, ¶ 5).  The fact that Defendant Creighton Preparatory School is a religious organization is also evidenced in the Handbook.  For example, the mission statement on the front of the Handbook states that "Creighton Preparatory School forms men of faith, scholarship, leadership, and service in the Catholic and Jesuit tradition" (Affidavit of James Bopp, Ex. "A", cover page).  Further, the Handbook states that it "does not create any restriction upon Creighton Preparatory School's right to institute any course of disciplinary action which, in Prep's sole discretion, it believes is necessary and consistent with its Catholic Jesuit educational mission." (Affidavit of James Bopp, Ex. "A", p. 76).

Plaintiff's Amended Complaint states that he was accused of making lewd statements related to having sex with a school counselor. (Amended Complaint, ¶¶ 2 and 14).  Plaintiff's Amended Complaint also states that Plaintiff confessed to the allegations against him. (Amended Complaint, ¶ 37.a.).  Plaintiff's Complaint maintains that the accusations were false and, that Plaintiff's confession was not true. (Plaintiff's Complaint, ¶¶ 37 a. – b.).  However, these factual allegations directly implicate the above-cited Handbook provisions and Creighton Preparatory School's interpretation and enforcement of the above-cited Handbook provisions.  Adjudication of Plaintiff's claim for breach of contract will require this Court to determine whether Defendant Creighton Preparatory School's enforcement of its disciplinary procedures was consistent with its

Catholic Jesuit educational mission. Based on the First Amendment, this Court should decline to hear this case involving the internal discipline procedures of a religious school.

**C.     The ecclesiastical abstention doctrine also applies to Plaintiff's cause of action under Title IX.**

As set forth above, Plaintiff has not pled facts sufficient to state a claim under Title IX. However, should the Court be inclined to allow Plaintiff to proceed with his Title IX claim, such a claim would implicate the First Amendment's ecclesiastical abstention doctrine for all of the same reasons set forth above.

<u>**CONCLUSION**</u>

For the reasons set forth above, Defendant requests that this Court dismiss Plaintiff's Amended Complaint, with prejudice, for the costs of this action, and for such other and further relief as the Court may allow.

DATED this 11th day of February, 2022.

CREIGHTON PREPARATORY SCHOOL,
Defendant


By: /s/Patrick M. Flood_____
Patrick M. Flood, #19042
William N. Beerman, #26544
PANSING HOGAN ERNST & BACHMAN LLP
10250 Regency Circle, Suite 300
Omaha, NE 68114
(402) 397-5500
(402) 397-4853 (facsimile)
Attorneys for Defendant
pflood@pheblaw.com
wbeerman@pheblaw.com

21

## **CERTIFICATE OF COMPLIANCE**

Undersigned counsel certifies that this brief complies with the word count requirements of Nebraska Civil Rule 7.1(d)(3), and contains 6,229 words.


/s/ Patrick M. Flood
_____


## **CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of February, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification to the following:

Keith L. Altman
LAW OFFICE OF KEITH ALTMAN
33228 West 12 Mile Road, Suite 375
Farmington Hills, MI 48334


/s/ Patrick M. Flood
_____