# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ELIJAH WELLS, by and through his mother SUZANNE GLOVER; <br><br>Plaintiff, <br><br>v. <br><br>CREIGHTON PREPARATORY SCHOOL, in its official capacity. <br><br>Defendant. | Case No. 8:21-cv-322 |

_____

**PLAINTIFF'S BRIEF TO DEFENDANT'S MOTION TO DISMISS**

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................... 2

TABLE OF AUTHORITIES ............................................................................. 3

ARGUMENT ..................................................................................................... 5

    A.    Standard of Dismissal ........................................................................... 5

    B.    Plaintiff Has Adequately Pled a Violation of Title IX ........................ 6

    C.    Plaintiff Has Adequately Pled a Breach of Contract Claim ............... 9

    D.    Plaintiff's Claim is not Barred by Ecclesiastical Doctrine ...............11

    E.    Plaintiff Should be Granted Leave to Amend their Complaint Should This Court Grant Defendant's Motion to Dismiss .............................12

CONCLUSION ................................................................................................12

CERTIFICATE OF COMPLIANCE ...............................................................13

# **TABLE OF AUTHORITIES**

## **Cases**

*Am. Fed'n of State, Cnty. & Mun. Emps. V. City of Benton*, 513 F.3d 874 (8th Cir. 2008)..................................................................................................................12

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)................................................................... 6

*Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)* ........................................................... 9

*Bell Atlantic Corporation v. Twombly*, 55 U.S. 544 (2007)..................................... 6

*Conley v. Gibson*, 355 U.S. 41 (1957)..................................................................... 6

*Davis v. Monroe Cty. Bd. Of Educ.*, 526 U.S. 629 (1999) ....................................... 6

*Doe v. Washington Univ.*, 434 F. Supp. 3d 735 (E.D. Mo. 2020) .........................7, 8

*Foman v. Davis*, 371 U.S. 178 (1962)...................................................................12

*Lujan Defs. Of Wildlife*, 504 U.S. 555 (1992) ........................................................ 5

*Masterson v. Diocese of Nw. Tex.*, 422 S. W.3d 594 (Tex. 2013)..........................11

*Meyer v. McKenzie Elec. Coop., Inc.*, 947 F.3d 506 (8th Cir. 2020)........................ 9

*Warren v. Drake University*, 886 F.2d 200 (8th Cir. 1989) ....................................10

## **Rules**

Fed. R. Civ. P. 12(b)(1)............................................................................................ 5

Fed. R. Civ. P. 12(b)(6)............................................................................................ 5

Plaintiff, Elijah Wells, by and through his attorney, The Law Office of Keith Altman, respectfully requests that the Court Deny Defendants' Motion to Dismiss for the reasons set forth herein.

## ARGUMENT

Defendant filed their Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) on February 11, 2022. (EFC 23). Plaintiff opposes the Motion.

### A. Standard of Dismissal

Fed. R Civ. P. 12(b)(1) challenges a federal court's subject-matter jurisdiction. "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss [the court] 'presume[es] that general allegations embrace those specific facts that are necessary to support the claim." *Lujan Defs. Of Wildlife*, 504 U.S. 555 (1992).

Rule 12 (b)(6) provides that parties may assert by motion a defense based on "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

The Supreme Court has stated that the guidance between Rule 8 and Rule 12(b)(6) are as follows "[T]he accepted rule [is] that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him

to relief." *Conley v. Gibson*, 355 U.S. 41 (1957). The Court further stated in *Bell Atlantic Corporation* that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *Bell Atlantic Corporation v. Twombly*, 55 U.S. 544 (2007). The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. In *Ashcroft v. Iqbal*, the Court further expanded on the test stating "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). When the complaint is deemed inadequate, leave to amend the complaint is common.

### B. Plaintiff Has Adequately Pled a Violation of Title IX

The allegations of the Complaint support a Title IX violation perpetrated by the Defendant. In recent years male students have been placed at a disadvantage when they are accused of committing any form of misconduct. Male students have the equal right to defend against misconduct allegations justly.

Under Title IX, a federally funded school like Creighton Preparatory School ("Creighton") is liable for monetary damages if it is deliberately indifferent to known sex- based harassment "that is so severe, pervasive, and objectively offensive that it effectively bars the victim's access to an educational opportunity or benefit. *Davis v. Monroe Cty. Bd. Of Educ.*, 526 U.S. 629 (1999).

Creighton has a duty under Title IX to investigate properly and to provide the accused individual with due process. Plaintiff was not provided due process under Title IX. Defendant failed to adequately investigate the circumstances that led to Plaintiff's dismissal. Defendants accepted a version of events in which Plaintiff allegedly made a lewd comment about a female counselor. This version of the incident was taken as truth, painting Plaintiff as an aggressor without hearing Plaintiff's version of the events or any evidence to support his version of the event.

"Courts have recognized at least four theories of Title IX liability in cases alleging gender bias… (1) erroneous outcomes, (2) selective enforcement, (3) deliberate indifference, and (4) archaic assumptions." *Doe v. Washington Univ.*, 434 F. Supp. 3d 735 (E.D. Mo. 2020) (citing *Doe v. Miami Univ.*, 882 F.3d 579 (6th Cir. 2018). Plaintiff must show '(1) evidence illustrating an 'articulable doubt' as to the accuracy of the outcome of the proceedings; and (2) circumstances showing gender bias was a motivating factor in the erroneous outcome." *Id*. Plaintiff has laid the foundation for an erroneous outcome finding in the Amended Complaint. Plaintiff was unable to state his version of the events, unable to present evidence to support his claim and discriminatorily assumed to be at fault due to his status as male. In Plaintiff's dismissal, Bopp – the Head of School – stated "If Elijah is contending that this is not what occurred, I simply do not believe that." (EFC 20).

Bopp's statement does not take into account the evidence Plaintiff tried to provide to show his innocence as the evidence was denied.

Defendant states that Plaintiffs Title IX claim is barred due to Creighton being an all-male school. This argument is unconscionable. Title IX rights do not vanish at the diversity, or lack thereof, the student body. Plaintiff faced gender-based discrimination when he was erroneously painted as the individual perpetrating the misconduct suspected without the ability to present his version of the events with supporting evidence.

Selective enforcement theory under Title IX asserts that "regardless of the student's guilt or innocence, the severity of the penalty and/or the decision to initiate the proceedings was affected by the student's gender." *Doe v. Washington Univ.*, 434 F. Supp. 3d 735 (E.D. Mo. 2020). Defendant did not properly investigate the alleged misconduct, instead it took Plaintiff as guilty of the alleged misconduct because he is male, taking the female staff's version of the event as truth.

Due to Plaintiff's dismissal, he has faced a disruption to his current education. Further, as Plaintiff was immersed in Creighton both academically and in extra-curriculars. Thus, his potential for further educational opportunities is diminished due to Defendant's unjust dismissal.

### C. Plaintiff Has Adequately Pled a Breach of Contract Claim

The allegations of the Amended Complaint support a breach of contract claim based on Defendant's practices. Plaintiff has provided fair notice of his claims based on allegations that allow the Court to determine that legal liability is plausible. *Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)*. Taking all well-plead facts as true, and drawing all inferences in favor of the Plaintiff, as is required at this stage *Meyer v. McKenzie Elec. Coop., Inc.*, 947 F.3d 506 (8th Cir. 2020). this Court should deny Defendant's motion and permit Plaintiff to proceed with his claims.

Creighton's handbook states in part:

> "This handbook that you are asked to thoughtfully and deliberately review is based on decades of lived experience. We believe it serves as a critical foundation for successful cooperation between everyone involved with the school. To that end, please carefully read through this handbook. Registration and attendance at Creighton Prep implies consent to this handbook and all school policies.".

Creighton's Student Handbook makes it clear that after careful consideration of the handbook, registration and attendance committed the students to the terms of the handbook. Creighton's student handbook is a contract between Creighton and its registered students.

The Eighth Circuit Court of Appeals, relying on *Cannon v. National By-Products, Inc.*, 422 N.W.2d 638, held that whether documents such as the university's honor code and student handbook are "part of a contract between [a student] and [university]," is a jury question. *Warren v. Drake University*, 886 F.2d 200 (8th Cir. 1989). *Warren* provides a direct comparison, whether Defendant's Handbook constitutes a valid contract between the school and its students is an issue of fact for the jury.

The Creighton Handbook creates a 'Student Life Board' in which to handle misconduct. The Student Life Board "may be convened to assist in the determination of penalties or sanctions against a student involved in instances of serious misconduct.". Further, the handbook states that parents of the student may appeal a dismissal; "reasons for an appeal are limited to extraordinary circumstances such as failure to follow due process or new and relevant information that was not considered in the process.".

Extraordinary circumstances were present when Plaintiff was coerced into a confession when there was ample evidence to prove that in fact Plaintiff did not commit the egregious allegations of misconduct that cited against him. Plaintiff was not granted an appeal despite being entitled to one. Due to the denial of the appeal Plaintiff was never able to present his version of the events or a single piece of evidence to support his position and was wrongfully dismissed from Creighton.

Defendant can not prevail on the claim that Creighton's Student Handbook is not a binding contract as a matter of law. Further, they can not show as a matter of law that Defendant did not beach the above contract. For those reasons Defendant's Motion to Dismiss Plaintiff's Breach of Contract claim must fail.

### D. Plaintiff's Claim is not Barred by Ecclesiastical Doctrine

The Ecclesiastical Doctrine does not bar Plaintiff's claim. Nebraska Courts have issued limited guidance on this principal and have not provided guidance on the recovery of a student of a private institution. As we look to outside Courts for guidance a viable pathway to Plaintiff's recovery is outlined.

Civil courts have found a duty to apply "neutral principals of law to non-ecclesiastical issues" – even when religious entities are involved. *Masterson v. Diocese of Nw. Tex.*, 422 S. W.3d 594 (Tex. 2013). Plaintiff's claim is not of an ecclesiastical issue. Plaintiff's education within the religious institution should not bar all claims when the cause of action occurred and was handled outside of ecclesiastical principles. Arguably, in direct contradiction of ecclesiastical doctrine. For this reason, whether Creighton was operating at the time under ecclesiastical doctrine is a matter of fact for the jury.

### E. Plaintiff Should be Granted Leave to Amend their Complaint Should This Court Grant Defendant's Motion to Dismiss

Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint shall be freely given when justice so requires. Fed Rules Civ Proc R 15 (a). Amendments under the rule are to be "liberally granted where necessary to bring about the furtherance of justice and where the adverse party will not be prejudiced." *Am. Fed'n of State, Cnty. & Mun. Emps. V. City of Benton*, 513 F.3d 874 (8th Cir. 2008). Here, Defendant does not argue that further amendment would prejudice them, and contrary to Defendant's assertions, Plaintiffs' claims do not fail as a matter of law and can survive a motion to dismiss. Furthermore, the goal of Rule 15 is to promote the objective of deciding cases on the merits rather than on the relative pleading skills of counsel. *Foman v. Davis*, 371 U.S. 178 (1962).

Defendants have therefore failed to demonstrate that amendment would be futile in this case. For this reason, Plaintiffs request that in the event this Court grant any part of Defendant's Motion to Dismiss, this Court grant Plaintiff leave to move to amend their complaint.

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants Motion to Dismiss.

## CERTIFICATE OF COMPLIANCE

Undersigned counsel certifies that this brief complies with the word court requirements of Nebraska Civil Rule 7.1(d)(3) and contains 2,171 words.

Date: March 24, 2022

Respectfully Submitted,

Keith Altman, Esq.
Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ELIJAH WELLS, by and through his mother SUZANNE GLOVER;<br><br>Plaintiff,<br><br>v.<br><br>CREIGHTON PREPARATORY SCHOOL, in its official capacity.<br><br>Defendant. | Case No. 8:21-cv-322 |

_____

## CERTIFICATE OF SERVICE

I hereby certify that on the 24 day of March, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification to all counsel of record in the present matter.

Keith Altman, Esq.