IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ELIJAH WELLS, by and through his mother SUZANNE GLOVER, <br><br> Plaintiff, <br><br> v. <br><br> CREIGHTON PREPARATORY SCHOOL, <br><br> Defendant. | 8:21CV322 <br><br> MEMORANDUM AND ORDER |

This matter is before the Court on defendant Creighton Preparatory School's ("Creighton Prep") Motion to Dismiss (Filing No. 22) plaintiff Elijah Wells ("Wells") First Amended Complaint (Filing No. 20). Wells, who is a minor, brings suit by and through his mother, Suzanne Glover. Creighton Prep seeks prejudicial dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). For the reasons stated below, the motion is granted in part and denied in part.

**I. BACKGROUND**[1]

Wells was a student at Creighton Prep, "a private, Jesuit college prep school for young men in Omaha, Nebraska." Wells was a starter on the varsity football team and "had several recruiting offers." He was "an excellent student and always respectful."

In April 2021, Wells was having a private conversation with a friend on school grounds. The friend stated in vulgar language that he would have sex with one of the school's teachers. Wells responded in similar language that the teacher "is the best counselor in the world, but that he would not have sex with her." Another teacher overheard the conversation but, according to Wells, mistakenly thought Wells said he

---

[1]The factual background is primarily drawn from the First Amended Complaint.

would have sex with the teacher. Wells faults the witness for eavesdropping and for falsely accusing him of making sexual statements about a teacher.

Stirling Brown ("Brown"), Creighton Prep's Dean of Students, launched an investigation into the incident, which Wells alleges Brown repeatedly referred to as "sexual harassment of the teacher." Brown questioned Wells about the incident and demanded he confess. Brown did not inform Wells's parents before questioning him.

Succumbing to Creighton Prep's pressure and intimidation, Wells eventually "gave a false confession to be free to leave the situation." He was expelled without an "opportunity to present any meaningful defense" or to appeal. Convinced a lesser punishment would have sufficed, Wells contends his "expulsion could ruin [his] future academic and work-life and has caused [him] significant emotional harm."

On August 24, 2021, Wells filed suit under 42 U.S.C. § 1983 (Filing No. 1), alleging Creighton Prep, Brown, and another administrator violated his "civil rights under the Fourteenth Amendment to the [United States] Constitution and Article I-3 of the Nebraska Constitution." Wells also alleged Creighton Prep was in breach of contract—presumably under Nebraska law.

When the defendants moved to dismiss (Filing No. 15), Wells amended his pleading. He now asserts just two claims against only Creighton Prep. First, he alleges Creighton Prep violated Title IX of the Education Amendments Act of 1972 ("Title IX"), 20 U.S.C. § 1861(a) *et seq.*, "by failing to conduct an adequate and impartial investigation." Second, he alleges Creighton Prep breached its contract with him by failing to follow policies set forth in the "Student-Parent Handbook," including policies requiring "a fair and impartial disciplinary process" and "a right to an appeal." Wells again fails to specify what substantive law applies to his breach-of-contract claim.

2

In his jurisdictional allegations, Wells asserts his "claims arise under the Constitution and laws of the United States" yet only mentions Title IX. He asserts "[t]he Court has jurisdiction over these claims under 28 U.S.C. §§ 1331, 1343(a)(3)" but does not explain how those statutes apply to his terse breach-of-contract claim.

On February 11, 2022, Creighton Prep moved to dismiss the First Amended Complaint with prejudice. It primarily argues Wells's claims should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

It alternatively argues the Court should "dismiss this case in its entirety under" Rule 12(b)(1) based on "the doctrine of ecclesiastical abstention." *See*, *e.g.*, *Watson v. Jones*, 80 U.S. 679, 733 (1871) (stating "civil courts exercise no jurisdiction" of matters that concern "theological controversy, church discipline, ecclesiastical government, or the conformity of the members of the church to the standard of morals required of them"); *Drevlow v. Lutheran Church, Mo. Synod*, 991 F.2d 468, 471 (8th Cir. 1993) ("The Constitution forbids secular courts from deciding whether religious doctrine or ecclesiastical law supports a particular decision made by church authorities."). According to Creighton Prep, "the First Amendment to the United States Constitution prohibits judicial review of a religious organization's internal disciplinary and personnel decisions" and having a court fully adjudicate Wells's "claims would risk excessive entanglement between government and religion which the First Amendment does not allow."

Wells opposes dismissal on any grounds (Filing No. 28).

## II. DISCUSSION
### A. Legal Standards

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In deciding a Rule 12(b)(6) motion, the Court assumes "the truth of all factual allegations in the complaint and make[s] all reasonable inferences in favor of the nonmoving party" but is "not bound to accept the truth of legal conclusions couched as factual allegations." *Delker v. MasterCard Int'l, Inc.*, 21 F.4th 1019, 1024 (8th Cir. 2022). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "While legal conclusions can provide the framework of a complaint," *Iqbal*, 556 U.S. at 679, the plaintiff must support them with enough factual allegations "to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555. If not, the claim must be dismissed. *Id.*

A motion to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction can either challenge the complaint "on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). "[A] facial attack on the pleadings is subject to the same standard as a motion brought under Rule 12(b)(6)." *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003).

With a factual attack, "the non-moving party does not have the benefit of 12(b)(6) safeguards." *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). The Court can "receive competent evidence such as affidavits, deposition testimony, and the like" as needed "to determine the factual dispute." *Titus*, 4 F.3d at 593; *see also Drevlow*, 991 F.2d at 470. The party invoking federal subject-matter jurisdiction bears the burden of proving it exists. *See Magee v. United States*, 9 F.4th 675, 680 (8th Cir. 2021)

### B. Title IX

Wells states his first claim arises under Title IX. Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied

4

the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Put simply, Title IX generally prohibits federally funded schools from discriminating based on sex. *See Portz v. St. Cloud State Univ.*, 16 F.4th 577, 580 (8th Cir. 2021).

"Private parties may enforce Title IX through an implied right of action." *Does 1-2 v. Regents of the Univ. of Minn.*, 999 F.3d 571, 577 (8th Cir. 2021). But that does not make federal courts "a forum for general appellate review of [school] disciplinary proceedings." *Doe v. Univ. of Ark. - Fayetteville*, 974 F.3d 858, 864 (8th Cir. 2020). To state a plausible Title IX claim based on disciplinary proceedings, a plaintiff must adequately allege that the school "disciplined him on the basis of sex – that is, because he is a male." *Does 1-2*, 999 F.3d at 577 (quoting *Univ. of Ark.*, 974 F.3d at 864).

Here, Wells repeatedly alleges in his First Amended Complaint that Creighton Prep conducted an inadequate investigation into his alleged misconduct and denied him a fair hearing. He also alleges his punishment was unjustified and "unjustly severe." But he does not allege his sex played any part in the disciplinary process at all, let alone that his sex motivated Creighton Prep to expel him—as required to state a plausible Title IX claim. *Id.*; *accord Rowles v. Curators of Univ. of Mo.*, 983 F.3d 345, 359 (8th Cir. 2020) (stating sex must be "a motivating factor in the decision to discipline" (quoting *Doe v. Columbia Univ.*, 831 F.3d 46, 53 (2d Cir. 2016))).

In his brief opposing dismissal, Wells broadly asserts that "[i]n recent years male students have been placed at a disadvantage when they are accused of committing any form of misconduct." He also claims Creighton Prep "took [him] as guilty of the alleged misconduct because he is male, taking the female staff's version of the event as truth."[2] Those post hoc assertions—made only in Wells's opposition brief—do not create a

---

[2] As Creighton Prep points out, Wells does not even allege in his pleading that the staff member that provided information about his remark was female.

5

reasonable inference that Creighton Prep unlawfully discriminated against Wells based on his sex in violation of Title IX. *See Iqbal*, 556 U.S. at 678; *K.T. v. Culver-Stockton Coll.*, 865 F.3d 1054, 1057 (8th Cir. 2017) ("To prevail, [a plaintiff] must allege more than '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" (alteration in original) (quoting *Iqbal*, 556 U.S. at 678)).

Accordingly, Well's Title IX claim is dismissed with prejudice. *See, e.g.*, *Rowles*, 983 F.3d at. 359 (affirming dismissal where the complaint failed to plausibly allege unlawful sex discrimination).

C. **Breach of Contract**

Wells's second claim alleges breach of contract—presumably under Nebraska law. As noted above, Wells has not been entirely clear about his asserted basis for federal jurisdiction of that claim.[3] Of course, supplemental jurisdiction under 28 U.S.C. § 1367(a) could apply, given the Court's original jurisdiction over Wells's Title IX claim. But the Court declines to exercise it in these circumstances. *See id.* § 1367(c) (giving the Court broad discretion to decline supplemental jurisdiction if "the claim raises a novel or complex issue of State law," the Court "has dismissed all claims over which it has original jurisdiction," or "other compelling reasons" justify declining jurisdiction); *Brown v. Mortg. Elec. Registration Sys., Inc.*, 738 F.3d 926, 933 (8th Cir. 2013) ("A district court's discretion in these circumstances is very broad.").

Usually, when "all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 & n.7 (1988); *accord Glorvigen v. Cirrus Design Corp.*, 581 F.3d 737, 749 (8th Cir. 2009)

---

[3]Wells does not mention 28 U.S.C. § 1332 and asserts both parties "reside in this judicial district."

6

(explaining federal courts should decline to exercise supplemental jurisdiction over claims that depend on determinations of state law).  This case is no exception.

The nature of Wells's allegations, the early stage of these proceedings, and Creighton Prep's arguments based on ecclesiastical abstention—which the parties agree is not a simple twist under existing law—all weigh against exercising supplemental jurisdiction.  *See Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173-74 (1997) (explaining "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims" may warrant declining supplemental jurisdiction and that certain abstention doctrines may require it); *Kempf v. Hennepin County*, 987 F.3d 1192, 1198 (8th Cir. 2021) ("Given these relatively novel questions of state law, we find the better course is to dismiss the [state-law] claims without prejudice so that they can be taken up by the Minnesota state courts.").

Wells's breach-of-contract claim is dismissed without prejudice to refiling in state court in accordance with § 1367(d)'s tolling provision.

### D.     Informal Request for Leave to Amend

In the last section of his brief in opposition, Wells asserts he should be granted leave to amend under Federal Rule of Civil Procedure 15(a) if the Court grants Creighton Prep's motion.  Wells's informal request for leave is not a proper motion.  *See Wolgin v. Simon*, 722 F.2d 389, 394 (8th Cir. 1983) (concluding that a request for leave to amend in a brief opposing a motion to dismiss should not "be construed as a motion for leave to amend").

His conditional request not only fails to comply with Federal Rule of Civil Procedure 7(b)(1), which generally requires that requests for court orders be made by written motion, it also fails to comply with Nebraska Civil Rule 15.1(a), which requires that a party requesting "leave to amend a pleading" attach to their motion "an unsigned copy of the proposed amended pleading that clearly identifies the proposed amendments."

*See also Ritchie Cap. Mgmt., L.L.C. v. JP Morgan Chase & Co.*, 960 F.3d 1037, 1054 (8th Cir. 2020) (upholding the denial of an informal request for leave to amend in an opposition brief because the movant "failed to submit a motion to amend or indicate what a proposed amended pleading would have stated"). The request is denied.

For the foregoing reasons,

IT IS ORDERED:
1. Defendant Creighton Preparatory School's Motion to Dismiss (Filing No. 22) is granted in part and denied in part.
2. Plaintiff Elijah Wells's Title IX claim is dismissed with prejudice.
3. Wells's breach-of-contract claim is dismissed without prejudice.
4. A separate judgment will issue.

Dated this 25th day of May 2022.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

8